[Cite as *State v. Griffin*, 2011-Ohio-1462.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 1-10-27

    v.

TOBIAS B. GRIFFIN,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2002 0493

**Judgment Affirmed**

Date of Decision: March 28, 2011

APPEARANCES:

    *Keith H. Schierloh* for Appellant

    *Jana E. Emerick* for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Tobias Griffin ("Griffin"), appeals the judgment of the Allen County Court of Common Pleas after he was granted a new sentencing hearing because of an error in informing him of postrelease control for his 2003 felonious assault convictions. In this appeal, Griffin claims that the trial court lacked jurisdiction to sentence him seven years after his original conviction; that the State denied his rights to discovery; that the trial court erred in denying his 2003 motion for a new trial; and that his counsel was ineffective. For the reasons set forth below, the judgment is affirmed.

{¶2} In April of 2003, after a two-day bench trial, Griffin was found guilty of seven counts of felonious assault, each with a firearm specification, as well as one count of improperly discharging a firearm into a habitation. On April 29, 2003, he was sentenced to twenty-seven years[1] in prison.

{¶3} On May 13, 2003, Griffin filed a motion for a new trial; the trial court denied Griffin's motion. Griffin then filed a direct appeal, raising three assignments of error. See *State v. Griffin*, 3d Dist. No. 1-03-31, 2004-Ohio-287 (or, hereinafter, "*Griffin I*".) This Court found no merit to any of the claims and we affirmed the judgment of conviction and sentence. Id. Several discretionary

---

[1] This sentence was also ordered to be served consecutively to the three-year sentence that was imposed for Griffin's drug-related felony conviction in Allen County Common Pleas Case No. CR2002 0208.

appeals to the Supreme Court of Ohio were denied. See *State v. Griffin*, 102 Ohio St.3d 1483, 2004-Ohio-3069, 810 N.E.2d 967; *State v. Griffin*, 107 Ohio St.3d 1684, 2005-Ohio-6840, 832 N.E.2d 404; *State v. Griffin*, 108 Ohio St.3d 1441, 2006-Ohio-421, 842 N.E.2d 65.

{¶4} On February 10, 2010, Griffin filed a motion for resentencing, claiming that his original sentence was "void" because it did not properly comply with the instructions pertaining to postrelease control pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 and other related cases. Griffin's judgment entry of sentencing, filed April 30, 2003, stated that he would be subject to a period of postrelease control "pursuant to law (up to 3 years)" instead of a definitive mandatory period of "three years" of postrelease control. However, we note that at the actual sentencing hearing the trial court correctly stated that "you will be subject to post release control of three (3) years." (Trial Tr., Vol. 2, pp. 361-62.)

{¶5} As a result, a new sentencing hearing was held on March 3, 2010. The trial court sentenced Griffin to the same sentence as previously imposed and advised him that he was subject to three years of mandatory postrelease control. Griffin now appeals this decision, raising the following four assignments of error.

**First Assignment of Error**

**The common pleas court lacked jurisdiction to sentence [Griffin] due to an unreasonable delay.**

**Second Assignment of Error**

**[Griffin] was not afforded his constitutional right to discovery due to specific discovery and reports being denied to [Griffin] by the State of Ohio.**

**Third Assignment of Error**

**The trial court's determination in denying [Griffin's] motion for a new trial was an abuse of discretion of the trial court judge.**

**Fourth Assignment of Error**

**[Griffin's] counsel was ineffective due to the lack of investigatory [sic] and witness preparation.**

{¶6} Griffin now argues that, as a result of his resentencing in March of 2010, all of the post-sentence actions after the date of April 2003 must be considered "void and null." Therefore, because he claims that both his initial sentence and all following actions are "void," he believes that there is the need to review all potential appealable issues. In his first assignment of error, Griffin argues that the seven-year delay in imposing his sentence at the "resentencing" hearing in March 2010, after his conviction in 2003, was unreasonable and rendered the trial court without jurisdiction to impose a sentence. Griffin's next three assignments of error are identical to the assignments of error that Griffin first

-4-

raised in his initial appeal and that we have previously addressed. See *Griffin I*. Although most of the issues that Griffin raises in this appeal have previously been addressed, he contends that he is entitled to a "new" review of *all* of these matters because his previous sentence was "void" due to an inaccurate sentencing statement concerning postrelease control.

{¶7} However, a recent decision by the Supreme Court of Ohio has clarified the extent of review that is applicable after a new sentencing hearing[2] is held because the trial court did not properly impose postrelease control. See *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, --- N.E.2d ---. The Ohio Supreme Court abrogated portions of *State v. Bezak* and held that "the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control." Id. at ¶29. Furthermore, the scope of an appeal arising from the limited resentencing hearing "is limited to issues arising at the resentencing hearing." Id. at paragraph four of the syllabus. The doctrine of "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

---

[2] Since the trial court properly imposed postrelease control at the original sentencing hearing, which was then misstated in the Judgment Entry of Sentencing, one must ask whether Griffin actually needed to be resentenced or whether a Nunc Pro Tunc Judgment Entry of Sentencing, correctly reflecting the properly imposed postrelease control, as stated in open court, would have been sufficient in this particular case. See Crim.R. 36.

{¶8} When postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void, but "only the offending portion of the sentence is subject to review and correction." Id. at ¶27. The new sentencing hearing is limited to the proper imposition of postrelease control. Id. at ¶29. The scope of relief is limited and does not permit a reexamination of all the perceived errors at trial or in other proceedings. Id. at ¶25, citing *Hill v. United States* (1962), 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417.

{¶9} Griffin's sentencing hearing to correct the portion of the sentence pertaining to postrelease control cannot be used as a vehicle to reopen all other aspects of his case. Therefore, any issues raised on appeal from Griffin's resentencing hearing must be limited to the subject of postrelease control. Griffin's first assignment of error is not related to postrelease control, so it is not open for review.[3] The remaining three issues are also not related to postrelease control and are further barred by res judicata, as these are the identical issues that Griffin raised in his previous appeal. See *Griffin I*. Based on the above and on the authority of *State v. Fischer*, supra, Griffin's four assignments are overruled.

---

[3] Moreover, although we are not required to address this assignment of error, other courts have reviewed the identical issue and found Griffin's arguments to be without merit. See, e.g., *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 856 N.E.2d 263, 2006-Ohio-5795, ¶19; 2006-Ohio-5795, ¶19; *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, ¶19.

{¶10} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS, P.J., concurs in Judgment Only.**

**SHAW, J., concurs.**

**/jlr**