[Cite as *State v. Andrews*, 2011-Ohio-2462.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,                                    CASE NO. 1-10-78

   PLAINTIFF-APPELLEE,

 v.

SHAITON L. ANDREWS,                         **O P I N I O N**

   DEFENDANT-APPELLANT.


Appeal from Allen County Common Pleas Court
Trial Court No. CR2004 0537

**Judgment Affirmed**

**Date of Decision:  May 23, 2011**


APPEARANCES:

   *Shaiton L. Andrews,* **Appellant**

   *Christina L. Steffan* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Shaiton L. Andrews (hereinafter "Andrews"), appeals the judgment of the Allen County Court of Common Pleas resentencing him to twenty-six (26) years in prison. For the reasons that follow, we affirm.

{¶2} This case originated on January 13, 2005, when the Allen County Grand Jury returned an indictment against Andrews, charging him with two separate counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree. Each count of the indictment also contained a firearm specification pursuant to R.C. 2941.145(A).

{¶3} On January 24, 2005, Andrews appeared in court for arraignment and entered pleas of not guilty.

{¶4} On July 21, 2005, a hearing was held on a motion filed by Andrews' counsel, which sought leave to withdraw from the case. The trial court found the motion to be well taken, and permitted Andrews' counsel to withdraw. At that time, Andrews informed the trial court that he wished to represent himself. The trial court ordered that new counsel be appointed and ruled that it would take up Andrews' request to go forward pro se after new counsel was appointed.

{¶5} On August 15, 2005, following the appointment of new defense counsel, a hearing was held on Andrews' request to represent himself. Again, Andrews repeated his desire to go forward pro se in the case. The trial court then

held a lengthy dialogue with Andrews, advising him of the potential problems of self-representation. Nevertheless, based on Andrews' repeated insistence on representing himself, the trial court permitted Andrews to go forward pro se, on the condition that Andrews' defense counsel stay on the case as "shadow counsel" to assist Andrews.

{¶6} On August 29-30, 2005, a jury trial was held, and after the presentation of evidence, the jury returned a verdict finding Andrews guilty on both counts in the indictment, as well as findings of guilty on both of the firearm specifications. The matter then proceeded to sentencing. At the sentencing hearing, the trial court sentenced Andrews to ten (10) years in prison on each of the aggravated robbery counts and three (3) years in prison on each of the firearm specifications. All sentences were ordered to run consecutively, for an aggregate sentence of twenty-six (26) years in prison.

{¶7} This Court affirmed Andrews' conviction on July 24, 2006. *State v. Andrews*, 3d Dist. No. 1-05-70, 2006-Ohio-3764.

{¶8} On October 25, 2010, Andrews filed a Motion for Resentencing claiming that his sentence was "void" because the trial court had failed to comply with the instructions pertaining to postrelease control pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 and other related cases. On October 26, 2010, the trial court granted Andrews' motion.

{¶9} On November 17, 2010, a resentencing hearing was held, at which time, the trial court resentenced Andrews to ten (10) years in prison on each of the aggravated robbery counts, and three (3) years in prison on each of the firearm specifications. All sentences were again ordered to run consecutively, for an aggregate sentence of twenty-six (26) years in prison. In addition, the trial court advised Andrews that he was subject to five (5) years of mandatory postrelease control.

{¶10} Andrews now appeals and raises the following assignment of error.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A SENTENCE BASED ON IMPERMISSIBLE FACTORS NOT SUPPORTED BY THE RECORD AND INCONSISTENT AND NOT COMMENSURATE WITH SIMILAR OFFENDERS, AND CONTRARY TO LAW, IN VIOLATION OF DUE PROCESS.**

{¶11} In his only assignment of error, Andrews argues that the trial court abused its discretion in sentencing him to twenty-six (26) years in prison on two counts of aggravated robbery, each with a firearm specification. Andrews cites several reasons why he believes his sentence was unjust. First, Andrews claims that the trial court erred in finding that he had been part of an organized criminal activity. Andrews also claims that the trial court erred in referencing his juvenile record when it was sealed. Andrews additionally argues that the trial court based its decision on impermissible factors and failed to consider the relevant sentencing

factors. Moreover, Andrews claims that twenty-six (26) years is excessive for a robbery charge. Finally, Andrews asserts that consecutive sentences are expressly forbidden under R.C. 5145.01.

{¶12} However, on December 23, 2010, the Ohio Supreme Court issued its decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, which clarified the errors that could be reviewed after a new sentencing hearing is held for purposes to correct a trial court's failure to properly impose postrelease control. In *Fischer*, the Court abrogated parts of its decision in *Bezak* and held "that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control." Id. at ¶29. The Court further held that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." Id. at paragraph one of the syllabus. However, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and *the lawful elements of the ensuing sentence*." Id. at paragraph three of the syllabus (emphasis added).

{¶13} Consequently, under *Fischer*, when postrelease control is not properly included in a sentence for a particular offense, that sentence is void, but "only the offending portion of the sentence is subject to review and correction."

*Fischer*, 2010-Ohio-6238, at ¶27. Furthermore, the doctrine of res judicata still applies to other aspects of a defendant's case, including specifically "the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶14} Here, the purpose of Andrews' resentencing hearing was to correct the portion of the sentence pertaining to postrelease control. As this Court has previously stated, a defendant's resentencing hearing under *Bezak* "cannot be used as a vehicle to reopen all other aspects of his case." *State v. Giffin*, 3d Dist. No. 1-10-27, 2011-Ohio-1462, ¶9. Thus, any issues raised on appeal from Andrews' resentencing hearing must be limited to the subject of postrelease control; however, Andrews' assignment of error is not related to postrelease control. Furthermore, we find that the issues raised by Andrews in this appeal are barred by res judicata since they could have been raised in the trial court at his original sentencing or in this Court in his direct appeal of his conviction and sentence. See *State v. Bregen*, 12th Dist. No. 2010-06-039, 2011-Ohio-1872, ¶27.

{¶15} Therefore, Andrews' assignment of error is overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jnc**

-6-