[Cite as *State v. Andrews*, 2011-Ohio-6106.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  1-11-42

    v.

SHAITON L. ANDREWS,              O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR 2004 0537**

**Judgment Affirmed**

**Date of Decision:   November 28, 2011**

APPEARANCES:

    *Shaiton L. Andrews*,  **Appellant**

    *Jana E. Emerick*  **for Appellee**

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Shaiton L. Andrews ("Andrews"), pro-se, appeals the judgment of the Allen County Court of Common Pleas denying Andrews' petition for postconviction relief (or, "petition"). On appeal, Andrews contends that the trial court erred when it found that his petition for postconviction relief was untimely; when it dismissed the petition without an evidentiary hearing; when it found that his evidence did not meet the requirements for the review of an untimely petition; and when it failed to consider that his sentence was excessive. For the reasons set forth below, the judgment is affirmed.

{¶2} On January 13, 2005, Andrews was indicted on two separate counts of aggravated robbery pursuant to R.C. 2911.01(A)(1), both felonies of the first degree. Each count also carried a firearm specification pursuant to R.C. 2945.145(A). The indictment charged that Andrews and Ontrayis L. Keith ("Keith" or "co-defendant") robbed two Allen County businesses, Crazy Wings & Things and Lynn's Pawn Shop, at gun point on December 1, 2004.

{¶3} On August 29, 2005, a jury found Andrews guilty of all of the counts. He was sentenced to ten years in prison on each of the aggravated robbery counts and three years on each of the firearm specifications. The sentences were to run consecutively for a total of twenty-six years in prison. This Court affirmed the

convictions on July 26, 2005. See *State v. Andrews*, 3d Dist. No. 1-05-70, 2006-Ohio-3764 (or, "*Andrews I*").

{¶4} In October of 2010, Andrews filed a motion for resentencing to correct issues relating to postrelease control in his original sentence. On November 17, 2010, the trial court "resentenced" Andrews to the same sentence as before, but included the correct postrelease control information. Andrews filed an appeal from this resentencing, claiming that his sentence was contrary to law. This Court overruled Andrews' assignment of error on the basis of res judicata and affirmed the judgment of the trial court. See *State v. Andrews*, 3d Dist. No. 1-10-78, 2011-Ohio-2462 (or, "*Andrews II*").

{¶5} On May 13, 2011, Andrews filed a petition for postconviction relief. He claimed that he was denied a fair trial and his conviction was not supported by sufficient evidence. He based this claim on the fact that the jury in his co-defendant's separate trial[1] found Keith guilty of the robbery of Crazy Wings & Things, but did not convict Keith for the robbery of the pawn shop. See *State v. Keith*, 3d Dist. Nos. 1-06-46 and 1-06-53, 2007-Ohio-4632. Andrews also claimed that he was denied equal protection of the law because he believed his sentence was much longer than sentences imposed for similar crimes committed

---

[1] Keith was not apprehended until January 2006, after the police received information from Crime Stoppers that he was in Indiana. Therefore, Keith's trial was not held until June 2006, approximately ten months after Andrew's trial.

by similar offenders. Andrews requested an evidentiary hearing. The State filed a motion in opposition and a motion to dismiss the petition.

**{¶6}** On July 6, 2011, the trial court denied Andrews' petition without a hearing, providing detailed findings of fact and conclusions of law. The trial court found that Andrews' petition was not timely and, therefore, the court was without jurisdiction in the matter. It also found that the evidence in the case did not meet the requirements for the court to consider an untimely petition for postconviction relief pursuant to R.C. 2953.21(A)(1).

**{¶7}** It is from this judgment that Andrews now appeals, raising the following four assignments of error for our review.

### First Assignment of Error

**The trial [court] erred in not granting an evidentiary hearing.**

### Second Assignment of Error

**The trial [court] erred in finding the petition to be untimely.**

### Third Assignment of Error

**The trial [court] erred in finding that the requirements to consider an untimely petition were not met.**

### Fourth Assignment of Error

**The trial [court] erred in failing to consider the evidence [Andrews'] sentence was inconsistent with mainstream sentencing for aggravated robberies where no one was physically harmed, contrary to O.R.C. 2929.11(B).**

{¶8} The first three assignments of error are all closely related, so we shall address them together. Andrews argues that his petition should be considered timely because he believes that the time for filing a petition for postconviction relief should be computed from the date of his new sentencing entry, not the date of the original judgment. Furthermore, he claims that the trial court should have held an evidentiary hearing to look into his "actual innocence" claim, given the fact that his codefendant was acquitted of the pawn shop robbery. Andrews claims he met the innocence and new evidence prongs of R.C. 2953.21(A)(1) by presenting evidence of the acquittal of his codefendant which was discovered after Andrews was convicted and could not be presented on direct appeal. He claims that "any issues of res judicata could be overcome by his presentation of some evidence that could show he was innocent." (Appellant's Brief, p. 7.)

{¶9} Postconviction review is not a constitutional right, but is a collateral civil attack on a judgment that is governed solely by statute. *State v. Keith*, 176 Ohio App.3d 260, 2008-Ohio-741, 891 N.E.2d 1191, ¶26. The postconviction relief statute states in pertinent part:

> **[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to**

> **grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.**

R.C. 2953.21(A)(1)(a); *State v. Yarbrough*, 3d Dist. No. 17-2000-10, 2001-Ohio-2351.

{¶10} The time frame for filing a petition is set forth in R.C. 2953.21(A)(2), and states that in most cases, a petition must be filed no later than 180 days after the date on which the trial transcript is filed in the direct appeal of the judgment of conviction, or, if no appeal is taken, within 180 after the expiration of the time for filing the appeal. *State v. Everette*, 129 Ohio St.3d 317, 2011-Ohio-2856, 951 N.E.2d 1018, ¶11.

{¶11} The filing of a petition for postconviction relief does not automatically entitle the petitioner to an evidentiary hearing. See, e.g., *State v. Calhoun*, 86 Ohio St.3d 279, 282, 1999-Ohio-102, 714 N.E.2d 905. The decision to grant the petitioner an evidentiary hearing is left to the sound discretion of the trial court. Id. at 284. Furthermore, a postconviction relief hearing is not warranted for claims that were raised or could have been raised on direct appeal. *State v. Reynolds*, 79 Ohio St.3d 158, 161, 1997-Ohio-304, 679 N.E.2d 1131. The postconviction statute is not intended to be "a full-blown retrial" of the petitioner's case; the adjudication is confined solely to the claimed constitutional violations. *Keith* at ¶24.

{¶12} First, we affirm the trial court's finding that Andrews' petition was untimely. Andrews appealed his 2005 conviction. See *Andrews I*, supra. The record reflects that the trial transcript was filed in the direct appeal of the judgment of conviction on January 24, 2006, meaning that Andrews' postconviction petition was due on July 25, 2006. See R.C. 2953.21(A)(2). His May 13, 2011 filing was more than five years beyond the statutory time limitations.

{¶13} Although Andrews was subsequently "re-sentenced" on November 19, 2010, he is incorrect in his assertion that that his original conviction was "vacated" and that the time for filing his postconviction petition starts anew. A recent decision by the Supreme Court of Ohio clarified the extent of review that is applicable after a new sentencing hearing is held due to a trial court's failure to properly impose postrelease control. See *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332. When postrelease control is not properly included in a sentence for a particular offense, "only the offending portion of the sentence is subject to review and correction." Id. at ¶27, 942 N.E.2d 332. The scope of relief is limited and does not permit a reexamination of all the perceived errors at trial or in other proceedings. Id. at ¶25, citing *Hill v. United States* (1962), 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417. The doctrine of "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at

paragraph three of the syllabus, *State v. Hall*, 3d Dist. No. 12–10–11, 2011–Ohio–659, ¶12.

{¶14} In *Fischer*, the Ohio Supreme Court specifically addressed the issue of whether the original appeal should be considered a nullity and whether a direct appeal from a postrelease control sentencing should be considered the "first" direct appeal as of right. It definitively answered this question in the negative. *Fischer*, supra, ¶¶32-39. Accordingly, Andrew's petition was untimely because the time for a petition for postconviction relief must be computed from the time the transcript in his direct appeal was filed on January 24, 2006. See R.C. 2953.21(A)(2). Also, "[b]ecause the trial court lacked jurisdiction to consider the petition, it was not required to hold an evidentiary hearing." *State v. Foster*, 10th Dist. No. 09AP–227, 2009–Ohio–5202, ¶8. Accordingly, Andrews' first and second assignments of error are overruled.

{¶15} However, the statutes governing postconviction petitions do contain an exception to the time limitations. In his third assignment of error, Andrews claims that the trial court erred when it found that the requirements for consideration of an untimely petition were not met.

{¶16} Pursuant to R.C. 2953.23(A)(1)(a), a court may consider an untimely filed petition for postconviction relief if the petitioner shows that he was unavoidably prevented from discovering the facts upon which his petition is based

or the United States Supreme Court has recognized a new federal or state right that would apply retroactively. R.C. 2953.23(A)(1)(a); *State v. Fulk*, 172 Ohio App.3d 635, 2007-Ohio-3141, 876 N.E.2d 983, ¶13. If the petitioner can show one of these two threshold requirements, then the petitioner must also show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b).[2]

{¶17} Andrews' filing does not contain any information or supporting documents from which the requisite showings required by R.C. 2953.23(A)(1) could be found. Although the *outcome* of Keith's trial was not determined until after Andrews' appeal and the time for a petition for postconviction relief had passed, Andrews has not specified any facts or evidence that would be pertinent to *his* case that were not available to him at an earlier time and that he was unavoidably prevented from discovering. See R.C. 2953.23(A)(1)(a). Neither is Andrews asserting any new federal or state right that would be applicable to him, so his petition fails the first required threshold for delayed consideration. See Id. Because Andrews failed to meet either of the alternate threshold requirements, the trial court was without jurisdiction to consider his untimely petition.

---

[2] R.C. 2953.23(A)(2) sets forth another exception to the 180-day time limit, involving DNA testing, that is not applicable in this case.

{¶18} Furthermore, Andrews has not asserted *any* evidence of a constitutional error at his trial that would have affected the outcome. This Court reviewed all of the evidence in his first appeal and did not find any merit on the issues that Andrews raised nor did we find that Andrews' conviction was against the manifest weight of the evidence. See *Andrews I*, 2006-Ohio-3764, at ¶¶30-36.

> **The evidence presented was uncontradicted and unconflicting. There is also no reason to question the reliability of the testimony. Three separate people identified Andrews from the videotape as having been one of the two men who committed the pawn shop robbery, and the restaurant owner also identified him as one of the men who committed the second robbery. Thus, the weight of the evidence falls in favor of conviction.**

Id. at ¶35.

{¶19} Some of the testimony, witnesses, and evidence identifying the second perpetrator at Keith's trial was necessarily different in certain respects, i.e., prints found, the perpetrators wore different clothing, they each did different things during and after the robberies, etc. Merely because a jury happened to find that there was not sufficient evidence to prove beyond a reasonable doubt that *Keith* had committed one of the robberies does not in any way indicate that there was not sufficient evidence to support Andrews' convictions.

{¶20} Additionally, since the claims raised by Andrews were such that he could have raised them on direct appeal (or he did raise them on previous appeals), his postconviction petition is also barred by res judicata. Andrew's postconviction

claim concerning the alleged acquittal of his codefendant is not a claim that is based on newly discovered evidence or on any constitutional errors in his trial. Rather, it is a claim of innocence based on the same evidence that was available to Andrews at the time of his trial. Accordingly, the trial court did not err in finding that Andrews failed to meet the requirements for consideration of an untimely petition for postconviction relief. Andrew's third assignment of error is overruled.

{¶21} In his fourth assignment of error, Andrews complains that his sentence was excessive when compared to the sentences others have received for similar crimes. In support, Andrews attached statistical documents that he had requested from the Ohio Department of Rehabilitation and Correction.[3]

{¶22} However, as stated above, the trial court did not have jurisdiction to review Andrew's untimely petition. And, as this Court stated when Andrews raised this same issue after his sentencing to correct the postrelease control issue, this matter is barred by res judicata "since [it] could have been raised in the trial court at his original sentencing or in this Court in his direct appeal of his

---

[3] Although Andrews claims that these statistics support his argument, we note that the documents came with the disclaimer stating that the DRC did not have any publications or information concerning the particular data he was requesting. We note that the data provided in these reports is distinguishable in that it only involves the sentences of those who were released; most of those who have been released were sentenced under the old code; and "only the shortest sentenced Aggravated Robbers from SB 2 have begun to be released" and that "the average should begin to rise again soon." (DRC Mar. 29, 2011 letter to Shaiton Andrews.) The statistics do not contain any information concerning how many counts were involved in an inmate's sentence nor how many previous offenses the inmates may have committed. Even if the trial court had jurisdiction to review this matter, Andrews' documents are not statistically relevant.

conviction and sentence." *Andrews II*, 2011-Ohio-2462, at ¶14. Andrews' fourth assignment of error is overruled.

{¶23} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**