[Cite as *State v. Lewis*, 2018-Ohio-1911.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 8-17-43

v.

JASMINE D. LEWIS,

    **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR17-06-0180

**Judgment Affirmed**

**Date of Decision:  May 14, 2018**

APPEARANCES:

    *Kort Gatterdam* for Appellant

    *Eric C. Stewart* for Appellee

**WILLAMOWKSI, P.J.**

{¶1} Defendant-appellant Jasmine D. Lewis ("Lewis") brings this appeal from the judgment of the Court of Common Pleas of Logan County. Lewis alleges on appeal that she was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 23, 2016, Lewis and four of her friends made a plan to rob Jeffrey Brentlinger (Brentlinger). Lewis and one of her friends distracted Brentlinger while two other friends entered Brentlinger's home with guns. When Brentlinger confronted the two armed with the guns, he was shot and killed.

{¶3} On June 13, 2017, the Logan County Grand Jury indicted Lewis on three counts: 1) Complicity to Aggravated Burglary in violation of R.C. 2911.11(A)(1) and 2923.03, a felony of the first degree; 2) Complicity to Aggravated Robbery in violation of R.C. 2911.01(A)(1) and 2923.03, a felony of the first degree; and 3) Complicity to Murder in violation of R.C. 2903.02 and 2923.03, an unclassified felony. Doc. 2. All three counts carried firearm specifications. *Id.* Lewis entered pleas of not guilty to all of the counts. Doc. 10. Lewis later changed her plea to count three to guilty pursuant to a plea agreement. Doc. 55. The terms set forth in the written plea agreement advised Lewis that the maximum sentence she could receive would be a life term. *Id.* In exchange for the guilty plea to count three, the State agreed to dismiss the other two counts and the gun specification. Doc. 55. A hearing was held on the change of plea on August

14, 2017. Doc. 56. After speaking with Lewis, the trial court accepted the change of plea and found Lewis guilty of complicity to commit murder. *Id.* The remaining charges and the gun specification were dismissed. *Id.*

{¶4} A sentencing hearing was held on September 21, 2017. Doc. 58. After reviewing the record, the oral statements, victim impact statements and the presentence investigation report, the trial court considered the statutory sentencing factors. *Id.* The trial court then imposed a prison term of life in prison with parole eligibility after fifteen years. *Id.* Lewis filed a notice of appeal from this judgment. Doc. 69. On appeal, Lewis raises the following assignment of error.

> **[Lewis'] trial counsel rendered ineffective assistance of counsel, in violation of her constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16, of the Ohio Constitution.**

{¶5} Lewis' sole assignment of error alleges that she was denied effective assistance of counsel.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."** *State v. Hester* **(1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."** *State v. Lytle* **(1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d**

> **623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.** *See Vaughn v. Maxwell* **(1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164;** *State v. Jackson***, 64 Ohio St.2d at 110–111, 18 O.O.3d at 351, 413 N.E.2d at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, ¶ 20.

{¶6} Lewis claims that her counsel was ineffective for not informing her that she could not get a sentence lower than life in prison with parole eligibility after fifteen years. In support, Lewis cites to an argument made by her attorney at sentencing for the possibility of parole before fifteen years. Lewis alleges that counsel's representation that the sentence could be lower was what caused her to agree to plead guilty. There is no question that anyone convicted of violating R.C. 2903.02 "shall be imprisoned for an indefinite term of fifteen years to life." R.C. 2929.02(B)(1). Thus, counsel's alleged statement that Lewis should be eligible for parole in fewer than fifteen years would be contrary to statute. However, this does not mean that counsel's alleged error was prejudicial.

{¶7} A review of the record regarding the change of plea shows that the trial court specifically spoke with Lewis regarding the offense to which she was pleading and the sentence that would be imposed.

> **The Court: The charge in the indictment is complicity to murder. Doesn't say you're the principal, but it means you helped, and that is under the complicity statute, which is 2923.03. That provides that no person, acting with the kind of culpability required for the commission of an offense, shall, one, solicit or procure another to commit the offense; two, aid or abet another in committing the offense; three, conspire with another to the [sic] commit the offense, in violation of Section 2923.01; and, four, cause an innocent or irresponsible person to commit the offense. And the offense in question is what we call a felony murder, meaning that the – while committing a crime, it caused the death of another. The felony murder is under Section – is this 2903.02(B)?**
>
> **Mr. Stewart: yes.**
>
> **The Court: Okay. That provides that no person shall cause the death of another as the proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and is not a violation of Section 2903.03 or 2903.04, and as the indictment alleges, that the offense – the felonies of the first degree or second degree that were being committed here were the aggravated burglary, and the aggravated robbery. Do you understand the nature of this offense?**
>
> **The Defendant: Yes.**
>
> **The Court: The offense carries with it a maximum fine of $15,000. It is a life sentence with eligibility for parole after 15 years. Do you understand the maximum sentence?**
>
> **The Defendant: Yes, sir.**
>
> **\* \* \***

> **The Court: As stated before, this is a situation where the Court must impose the sentence.**

August 15, 2017, Tr. 8-10. Although counsel may have made an improper request at sentencing, Lewis had already been informed by the trial court that the sentence was going to be a life term with parole eligibility after fifteen years. Additionally, the written change of plea agreement, which was signed by Jasmine in open court, stated that no attorney had promised or suggested that she would receive a lighter sentence because of the plea. Doc. 55 at 2-3. This all occurred before Lewis entered her plea of guilty. Thus, the record does not support a conclusion that a misstatement of counsel at sentencing would have affected the outcome of the case. Lewis was fully informed by the trial court of what the mandatory sentence was. She was also told by the trial court that it would be imposing that sentence. After the trial court informed her of the sentence, she agreed to change her plea. No prejudice resulted from counsel's statement. Thus, this court does not find that counsel was ineffective. The assignment of error is overruled.

{¶8} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Logan County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and PRESTON, J.J., concur.**

**/hls**