[Cite as *State v. Lewis*, 2019-Ohio-3031.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 8-19-08

    v.

JASMINE D. LEWIS,          O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Logan County Common Pleas Court**
**Trial Court No. CR 17 06 0180**

**Judgment Affirmed**

**Date of Decision:  July 29, 2019**

**APPEARANCES:**

    *Kort Gatterdam* **and** *David F. Hanson* **for Appellant**

    *Eric C. Stewart* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jasmine D. Lewis ("Lewis") appeals the judgment of the Logan County Court of Common Pleas, alleging that that trial court erred in dismissing her petition for postconviction relief ("petition"). For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On June 13, 2017, Lewis was indicted on one count of complicity to aggravated burglary in violation of R.C. 2911.11(A)(1), R.C. 2923.03; one count of complicity to aggravated robbery in violation of R.C. 2911.01(A)(1), R.C. 2923.03; and one count of complicity to murder in violation of R.C. 2903.02, R.C. 2923.03. Doc. 1. These charges came with a firearm specification. Doc. 1. On June 19, 2017, Lewis pled not guilty to these charges. Doc. 10.

{¶3} On August 14, 2017, Lewis appeared before the trial court for a change of plea hearing. Change of Plea Hearing Tr. 1. Pursuant to a plea agreement, the State offered to dismiss the charge of complicity to aggravated burglary, the charge of complicity to aggravated robbery, and the firearm specification if Lewis agreed to plead guilty to one count of complicity to murder in violation of R.C. 2903.02. Change of Plea Hearing Tr. 3, 14. Doc. 55, 56. The penalty for the offense of complicity to murder is set forth in R.C. 2929.02(B)(1), which reads, in its relevant part, as follows:

> **whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of *fifteen years* to life.**

R.C. 2929.02(B)(1).

**{¶4}** At her change of plea hearing, the trial court explained the penalty for her crime in the following colloquy:

> **The Court: The offense carries with it a maximum fine of $15,000. It is a life sentence with eligibility for parole *after* 15 years.  Do you understand the maximum sentence?**
>
> **[Lewis]: Yes, sir.**

Change of Plea Hearing Tr. at 9.  (Emphasis added.)  Lewis subsequently pled guilty to one count of complicity to murder in violation of R.C. 2903.02.  Doc. 56.  The trial court then found Lewis guilty and ordered a presentence investigation ("PSI").  Change of Plea Hearing Tr. 14.  Doc. 56.

**{¶5}** On September 21, 2017, Lewis appeared before the trial court for sentencing.  Sentencing Hearing Tr. 1.  At this hearing, defense counsel stated the following:

> **And the agreed-upon plea is 15 years to life.  *We would ask for a lesser amount* if the Court can see fit so that she may possibly entertain the possibility of parole at an earlier date.**

(Emphasis added.)  *Id.* at 5.  The trial court then sentenced Lewis to a term of life in prison with parole eligibility after fifteen years.  Doc. 58.

**{¶6}** On October 24, 2017, Lewis filed her direct appeal with this Court. Doc. 69. In this previous appeal, Lewis argued "that her counsel was ineffective for not informing her that she could not get a sentence lower than life in prison with parole eligibility after fifteen years." *State v. Lewis*, 3d Dist. Logan No. 8-17-43, 2018-Ohio-1911, ¶ 6. The Supreme Court of Ohio has applied the *Strickland* test for ineffective assistance of counsel in the context of guilty pleas. *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In such a situation, "a defendant must show that (1) counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty." *State v. Conley*, 3d Dist. Marion No. 9-16-10, 2016-Ohio-8408, ¶ 10, citing *Xie* at 524.

**{¶7}** To substantiate this claim, Lewis pointed to the fact that her defense counsel asked the trial court for a sentence that would allow for Lewis to be eligible for parole before she had served fifteen years when R.C. 2929.02(B)(1) mandates "an indefinite term of fifteen years to life." R.C. 2929.02(B)(1). Thus, this request was predicated on an erroneous understanding of the law. Lewis asserted that her attorney had promised her that she could receive a sentence of less than fifteen years in prison. She further claimed that she would not have pled guilty if her attorney

had correctly advised her that she would be ineligible for parole until after she had served fifteen years of her sentence. *Id.*

**{¶8}** After examining the record, we determined that the trial court, at Lewis's change of plea hearing, had correctly informed her as to her parole eligibility and her maximum sentence. *Lewis* at ¶ 7. Further, Lewis stated affirmatively that she understood the maximum possible sentence and signed a written plea agreement that stated her attorney had not suggested that she would receive a more lenient sentence for pleading guilty. *Id.* Since the trial court had fully informed Lewis as to the possible terms of her parole eligibility *before* she pled guilty, we found that Lewis could not substantiate her claim that she would not have pled guilty had her attorney correctly advised her on this issue. *Id.* Thus, Lewis could not demonstrate that she was prejudiced and could not, therefore, establish an ineffective assistance of counsel claim. *Id.* We then affirmed the judgment of the trial court. *Id.* at ¶ 8.

**{¶9}** On December 3, 2018, Lewis filed a petition for postconviction relief with three attached affidavits. Doc. 95. In one affidavit, Lewis's defense counsel admitted that he had incorrectly informed Lewis that she would be eligible for parole before she had served fifteen years of her prison term. Doc. 95. In another affidavit, Lewis's mother, Nikkitta Peterson ("Peterson"), stated that she had urged Lewis to plead guilty because of defense counsel's statements regarding parole. Doc. 95. In

the final affidavit, Lewis asserted that she would not have pled guilty but for her attorney's incorrect legal advice as to the terms of her parole eligibility. Doc. 95. On December 13, 2018, the trial court dismissed Lewis's petition, finding that her claim was barred by res judicata. Doc. 97.

*Assignment of Error*

**{¶10}** On February 22, 2019, Lewis filed her notice of appeal. Doc. 107. On appeal, she raises the following assignment of error:

> **The trial court abused its discretion in applying res judicata to appellant's ground for relief in her post-conviction petition as appellant presented evidence dehors the record containing sufficient operative facts to demonstrate that trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution, Article 1, Sections 10 and 16, Ohio Constitution, and R.C. 2953.21.**

In her brief, Lewis reasserts the argument in her petition, claiming that her plea was rendered involuntary due to the ineffective assistance of her defense counsel.

*Legal Standard*

**{¶11}** R.C. 2953.21 governs petitions for postconviction relief, providing "a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution." *State v. Lynn*, 3d Dist. Shelby No. 17-17-06, 2017-Ohio-8355, ¶ 9, quoting *State v. Scott-Hoover*, 3d Dist. Crawford No. 3-04-11, 2004-Ohio-4804, ¶ 10. Postconviction review is a statutory process and is not a constitutional right. *State v. Workman*, 3d Dist. Auglaize No.

2-17-12, 2017-Ohio-7364, ¶ 17, citing *State v. Keith*, 176 Ohio App.3d 260, 2008-Ohio-741, 891 N.E.2d 1191, ¶ 26 (3d Dist.).

Under R.C. 2953.21,

**Any person who has been convicted of a criminal offense \* \* \* who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, \* \* \* may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.**

R.C. 2953.21(A)(1)(a). However, "[t]he filing of a petition for postconviction relief does not automatically entitle the petitioner to an evidentiary hearing." *State v. Andrews*, 3d Dist. Allen No. 1-11-42, 2011-Ohio-6106, ¶ 11. Rather, "[a] hearing on a petition for post-conviction relief is not necessary unless the trial court finds that the petition sets forth substantive grounds for relief." *State v. Brown*, 3d Dist. Allen No. 1-11-68, 2012-Ohio-2126, ¶ 6, citing *State v. Calhoun*, 86 Ohio St.3d 279, 282-83, 714 N.E.2d 905 (1999).

{¶12} When evaluating a petition for postconviction relief, "[t]he decision to grant the petitioner an evidentiary hearing is left to the sound discretion of the trial court." *Andrews, supra,* at ¶ 11. For this reason, "[w]e review the trial court's dismissal of a post-conviction petition without a hearing for abuse of discretion." *State v. Liles* 3d Dist. Allen No. 1-16-33, 2017-Ohio-240, ¶ 10, quoting *State v.*

*Jeffers*, 10th Dist. Franklin No. 10AP-1112, 2011-Ohio-3555, ¶ 23. "An abuse of discretion is not merely an error of judgment." *State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, ¶ 20 (3d Dist.). "Rather, an abuse of discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious." *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23.

**{¶13}** "A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his conviction * * *." *State v. Cox*, 5th Dist. Muskingum No. CT2018-0075, 2019-Ohio-521, ¶ 11. Thus, res judicata may apply to the claims raised in a petition for postconviction relief. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), eighth paragraph of the syllabus.

> **Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.**

*State v. Baker*, 3d Dist. Auglaize No. 2-16-07, 2016-Ohio-5669, ¶ 13, quoting *Perry* at paragraph nine of the syllabus. If res judicata applies to a claim raised in a petition for postconviction relief, an evidentiary hearing is not warranted on the matter. *Liles* at ¶ 24, quoting *State v. McKinney*, 3d Dist. Defiance No. 4-11-01, 2011-Ohio-3521, ¶ 20.

{¶14} "The presentation of competent, relevant, and material evidence [dehors] the record may defeat the application of res judicata." *Cox* at ¶ 11, citing *State v. Smith*, 17 Ohio St.3d 98, 101, 477 N.E.2d 1128, 1131-1132 (1985), fn. 1. "To overcome the res judicata bar, evidence offered [dehors] the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record." *State v. Slagle*, 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 16, citing *Ohio v. Franklin*, 1st Dist. No. C-930760, 1995 WL 26281, *7 (Jan. 25, 1995); *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist. 1995). "This means that the evidence relied upon must not be evidence which was in existence or available for use at the time of trial or direct appeal, and finally, cannot be merely cumulative of the evidence already presented." *State v. Murphy*, 10th Dist. Franklin No. 00AP-233, 2000 WL 1877526, *3 (Dec. 26, 2000).

{¶15} Thus, the presentation of "evidence outside the record alone will not guarantee the right to an evidentiary hearing." *State v. Curtis*, 5th Dist. Muskingum No. CT2018-0014, 2018-Ohio-2822, ¶ 19, quoting *State v. Phillips*, 9th Dist. Summit No. 20692, 2002 WL 274637, *3 (Feb. 27, 2002). "[E]vidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the [Ohio Supreme Court's] holding [in *State v. Perry, supra,*] by simply attaching as exhibits evidence which is only marginally

significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." *State v. Smith*, 4th Dist. Scioto No. 16CA3774, 2017-Ohio-7659, ¶ 12, quoting *State v. Coleman*, 4th Dist. Hamilton No. C-900811, 1993 WL 74756, *7 (March 17, 1993).

{**¶16**} When affidavits are submitted with a petition for postconviction relief, the trial court "may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *Calhoun, supra*, at paragraph one of the syllabus.

> **An affidavit, being by definition a statement that the affiant has sworn to be truthful, and made under penalty of perjury, should not lightly be deemed false. However, not all affidavits accompanying a postconviction relief petition demonstrate entitlement to an evidentiary hearing, even assuming the truthfulness of their contents. Thus, where a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential.**

*Id.* at 284. In *Calhoun*, the Supreme Court of Ohio set forth the following factors to evaluate affidavits accompanying a petition for postconviction relief:

> **[A] trial court, in assessing the credibility of affidavit testimony in so-called paper hearings, should consider all relevant factors. Among those factors are (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of**

-10-

**the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.**

(Citations omitted.) *Id*. at 285, citing *State v. Moore*, 99 Ohio App.3d 748, 754, 651 N.E.2d 1319 (1st Dist. 1994).

{¶17} "When a petitioner submits his claim that his guilty plea was involuntary, a 'record reflecting compliance with Crim.R. 11 has greater probative value' than a petitioner's self-serving affidavit." *State v. Brehm*, 3d Dist. Seneca No. 13-97-05, 1997 WL 401824, *1 (July 18, 1997) (reviewing a petition for post-conviction relief wherein the defendant argued the ineffective assistance of his counsel rendered his guilty plea involuntary), quoting *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983) (holding that "[t]he dialogue between court and defendant envisioned by Crim.R. 11 is substantively meaningful."). "[E]vidence [*dehors*] the record in the form of a petitioner's own conclusory statements is not sufficient to compel an evidentiary hearing when the record fails to corroborate the petitioner's allegations." (Italics added.) *Brehm* at *1.

{¶18} "A plea of guilty waives a claim of ineffective assistance of counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary." *State v. Jackson*, 3d Dist. Allen No. 1-98-78, 1999 WL 253236, *1 (April 7, 1999). "To prevail on a claim of ineffective assistance of

counsel in the context of a guilty plea, a defendant must show that (1) counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty." *Conley, supra*, at ¶ 10, citing *Xie, supra*, at 524.

**{¶19}** If the appellant does not establish one of these two prongs, the appellate court does not need to consider the facts of the case under the other prong of the test. *State v. Baker*, 3d Dist. Allen No. 1-17-61, 2018-Ohio-3431, ¶ 19, citing *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20 (3d Dist.). "In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is 'whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done.'" *Calhoun, supra*, at 289, quoting *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus.

*Legal Analysis*

**{¶20}** A review of our prior opinion from Lewis's direct appeal demonstrates that she previously raised the exact same arguments and issues that now she raises in her petition. In her prior appeal, Lewis

> **claim[ed] that her counsel was ineffective for not informing her that she could not get a sentence lower than life in prison with parole eligibility after fifteen years. In support, Lewis cite[d] to an argument made by her attorney at sentencing for the possibility of parole before fifteen years. Lewis allege[d] that counsel's representation that the sentence would be lower was what caused her to agree to plead guilty.**

*Lewis, supra*, at ¶ 6. Thus, this Court was made aware of the fact that her attorney was operating his representation of Lewis on an incorrect understanding of the penalties that she would face by pleading guilty. *Id.*

**{¶21}** We noted that "[t]here was no question that anyone convicted of violating R.C. 2903.02 'shall be imprisoned for an indefinite term of fifteen years to life.'" *Lewis, supra*, at ¶ 6, quoting R.C. 2929.02(B)(1). Thus, her attorney's request at her sentencing hearing was, in view of the law, "improper." *Lewis, supra*, at ¶ 6. We further acknowledged that any advice from defense counsel to Lewis that was consistent with defense counsel's request at the change of plea hearing would have been "contrary to statute." *Id.*

**{¶22}** Her prior appeal demonstrates that Lewis was able to base her claim that her defense counsel's representation was deficient on some evidence that was contained in the original record. Because of her defense counsel's erroneous request at her sentencing hearing, Lewis did not need evidence dehors the record to provide some evidence for the first prong of the *Strickland* test. Thus, in her current appeal, Lewis cites information in the original record to support her argument while simultaneously asserting that she was not able to demonstrate her claim without the three affidavits attached to her petition. *See State v. Scheidel*, 11th Dist. Ashtabula No. 2004-A-0055, 2006-Ohio-198, ¶ 18.

Case No. 8-19-08

**{¶23}** In order to state substantive grounds for relief in her petition, Lewis had to provide evidence that her attorney's performance was deficient *and* that she was thereby prejudiced. The three affidavits that Lewis filed with her petition do not raise new issues or affect our prior analysis. Further, Lewis's ineffective assistance of counsel claim in her prior appeal was found to be without merit because she could not demonstrate prejudice. *Lewis, supra*, at ¶ 6. These three affidavits do not provide credible evidence that establish Lewis would not have pled guilty if her attorney had correctly advised her as to the terms of her parole eligibility.

**{¶24}** The affidavit from her attorney does provide some additional information as to the extent of her counsel's deficient performance. *See State v. Hicks*, 12th Dist. Butler No. CA2004-07-170, 2005-Ohio-1237, ¶ 12 (holding that res judicata applies where the affidavits were "cumulative to evidence contained in the record * * *."). However, this Court was already made aware of her counsel's deficient performance. *Lewis, supra*, at ¶ 6. Thus, this affidavit does not present a new issue for review or establish that Lewis was unable to raise this claim on direct appeal without resort to evidence dehors the record. *See State v. Lovell*, 12th Dist. Butler Nos. CA2006-06-138, CA2006-07-158, 2007-Ohio-4352, ¶ 28; *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), at syllabus.[1] Further, this affidavit also

---

[1] *Cole* establishes a rule for ineffective assistance of counsel claims that were not raised on direct appeal and are being raised for the first time in a petition for postconviction relief. *Cole, supra*, at syllabus. However,

-14-

does not provide any evidence that Lewis would not have pled guilty in the absence of this erroneous legal advice. *See State v. Bragenzer*, 4th Dist. Pickaway No. 03CA1, 2003-Ohio-5597, ¶ 22. Thus, this affidavit neither alleges nor demonstrates that Lewis was prejudiced by her attorney's deficient performance. Doc. 95.

**{¶25}** While the affidavits from Lewis and Peterson allege that Lewis would not have pled guilty if her attorney provided her with correct advice as to her parole eligibility, the statements in their affidavits do not change our prior analysis for several reasons. First, under the *Calhoun* factors, these affidavits do not provide credible statements that establish prejudice. The judge who presided over Lewis's change of plea hearing and sentencing was the judge who ruled on Lewis's petition and was, therefore, aware of the circumstances of this case. *Calhoun, supra*, at 285. In his ruling on the petition, the judge noted that he had "in three separate ways advised that the sentence was fifteen years to life and it was a mandatory sentence that * * * [had to be] imposed." Doc. 105. Thus, the judge did not find that the affidavits indicated that Lewis had been prejudiced by her defense counsel's deficient performance. Doc. 105.

---

*Cole* directs courts, in the process of applying res judicata to petitions for postconviction relief, to examine whether the "issue could fairly have been determined without resort to evidence [dehors] the record." *Cole, supra*, at syllabus. In this case, we are engaging in this inquiry to determine whether an issue that was, in fact, raised on direct appeal could have been fairly decided without reference to the evidence dehors the record that was contained in the three affidavits with Lewis's petition.

**{¶26}** Further, Peterson is Lewis's mother and is, therefore, a close relative of the petitioner. Doc. 95. *Calhoun, supra*, at 285. *See State v. Knowles*, 8th Dist. Cuyahoga No. 95239, 2011-Ohio-1685, ¶ 23 (holding that the affidavit of the petitioner's mother was self-serving and lacked credibility). Similarly, Lewis, as an affiant, is most certainly interested in the outcome of this petition. *State v. Combs*, 100 Ohio App.3d 90, 98, 652 N.E.2d 205 (1st Dist. 1994) (holding that "evidence out of the record in the form of petitioner's own self-serving affidavit alleging a constitutional deprivation will not compel a hearing."). These two affidavits also contain similar language. *Calhoun, supra*, at 285. Lewis's affidavit also contradicts her statements before the trial court in the Crim.R. 11 colloquy. Thus, her statements, as an affiant, contradict the evidence in the record. *Id.*

**{¶27}** Second, the trial court correctly instructed her as to the terms of her parole eligibility *before* she pled guilty in the Crim.R. 11 colloquy. *Lewis, supra*, at ¶ 7. In response, Lewis affirmed, on the record, that she understood that she would not be eligible for parole until she had served fifteen years of her prison term. Change of Plea Hearing Tr. 9. Thus, Lewis's supporting affidavit has "the effect of recanting prior statements [that she] made on the record" before she entered her plea. *Calhoun, supra*, at 289. *See Taylor v. Ross*, 150 Ohio St. 448, 83 N.E.2d 222 (1948), third paragraph of the syllabus (holding that "[r]ecanting testimony ordinarily is unreliable and should be subjected to the closest scrutiny."). This Court

has previously held that "a 'record reflecting compliance with Crim.R. 11 has greater probative value' than a petitioner's self-serving affidavit." *Brehm*, *supra*, at *1, quoting *Moore, supra*, at 753, citing *Kapper*, *supra*, at 38. In order to accept Lewis's affidavit, we must "believe that [her] statements at [the] plea hearing, set forth in their entirety in the record, were false." *Brehm* at *1.

{¶28} Third, beyond the Crim.R. 11 colloquy, there is additional evidence in the record that does not support the affidavits of Peterson and Lewis. The PSI clearly indicates that Lewis was aware that she would have to serve at least fifteen years in prison. PSI. During an interview, she told the investigator that she knew that her sentence was going to be fifteen years to life in prison and that she believed she would be released on parole *after* she had served fifteen years. PSI. While she said that she did not want this sentence, she still indicated that she understood her sentence as communicated by the trial court at her change of plea hearing. PSI.

{¶29} In the end, Lewis still cannot substantiate her claim that she would not have pled guilty if her attorney had correctly informed her of her parole eligibility because she correctly related the terms of her sentence to the PSI investigator. PSI. *See State v. Davis*, 11th Dist. Portage No. 2003-P-0077, 2004-Ohio-6684, ¶ 33 (holding that an affiant's claims were not credible where they contradicted statements made for the presentence investigation.). While her attorney's statements at the sentencing hearing indicate that he left the change of plea hearing

with an incorrect understanding of the terms of his client's sentence, Lewis's statements to the PSI investigator indicate that she left the change of plea hearing with a correct understanding of the terms of her sentence. Since her affidavit contradicts her own statements as recorded in the PSI, her affidavit is undermined—not corroborated—by the evidence in the original record. *Calhoun, supra*, at 288.

{¶30} Similarly, even assuming that Peterson's affidavit accurately states that she had pressured Lewis to plead guilty on the basis of a misunderstanding of the law, Lewis's understanding of her sentence is the determinative issue in this case. The record indicates that Lewis was aware of the terms of her sentence regardless of whether her mother was operating under a misapprehension of the law. While Peterson may have pressured her daughter to plead guilty, Lewis still stated during her change of plea hearing that her decision was voluntary; that no one threatened her to enter this plea; and that no one promised her anything to enter this plea. Change of Plea Tr. 5, 7. She also signed a change of plea petition that stated she was pleading guilty voluntarily; that no one had promised her a more lenient sentence for so pleading; and that she was not threatened or coerced in this process. Doc. 55.

*Conclusion*

{¶31} On direct appeal, Lewis previously raised the exact same issue that she raises in her petition for postconviction relief. *Lewis, supra*, ¶ 6. The submission

-18-

of these three affidavits does not affect our prior analysis in any way and confirms that this issue "could * * * have been" "fairly * * * determined without resort to evidence [dehors] the record * * *." *Cole, supra*, at syllabus. Thus, the trial court did not err in finding this claim was barred by res judicata.

{¶32} However, even if res judicata did not apply to her ineffective assistance of counsel claim, Lewis still does not provide sufficient operable facts in her petition that would provide grounds for relief. The affidavits still do not establish that she would not have pled guilty in the absence of her attorney's deficient performance, which is why this Court found her prior appeal to be without merit. *Lewis, supra*, at ¶ 6. The statements in the affidavits that address the issue of prejudice contradict the evidence in the record contained in the Crim.R. 11 colloquy, the PSI, and the written change of plea form that she signed.

{¶33} After examining the evidence in the record, we conclude that the trial court did not abuse its discretion in declining to hold an evidentiary hearing on Lewis's petition. Lewis's sole assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**