[Cite as *State v. Williams*, 2019-Ohio-5296.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 13-19-23

v.

JOSHUA D. WILLIAMS,

O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 13-19-24

v.

JOSHUA D. WILLIAMS,

O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 13-19-25

v.

JOSHUA D. WILLIAMS,

O P I N I O N

    DEFENDANT-APPELLANT.

Case Nos. 13-19-23, 13-19-24 and 13-19-25

**Appeals from Seneca County Common Pleas Court**
**Trial Court Nos. 18-CR-0021, 17-CR-0033 and 18-CR-0178**

**Judgments Affirmed**

**Date of Decision:  December 23, 2019**

APPEARANCES:

*Sarah R. Anjum* **for Appellant**

*Derek W. DeVine* **Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Joshua D. Williams ("Williams") brings this consolidated appeal from judgments of the Court of Common Pleas of Seneca County convicting him of multiple counts of trafficking in cocaine and one count of possessing criminal tools.  On appeal, Williams claims that the trial court erred by 1) denying his motion for a continuance and 2) sentencing him to consecutive sentences.  For the reasons set forth below, the judgments are affirmed.

*Procedural Background*

*Trial Case No. 17 CR 0033*

{¶2} On February 22, 2017, the Seneca County Grand Jury indicted Williams on one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(a),

a felony of the fifth degree. ADoc.[1] 1. This charge stemmed from an incident that allegedly occurred on March 24, 2016. *Id.* Williams initially entered pleas of not guilty to the indictment. ADoc. 9. The matter was originally scheduled for a jury trial on September 28-29, 2017. ADoc. 13. The trial was sua sponte rescheduled to begin on January 25, 2018. ADoc. 16 and 18. On January 19, 2018, Williams filed a motion for a continuance of the trial as new charges were pending for Williams. ADoc. 23. The trial court granted the motion and set the January 25, 2018, date for a change of plea hearing. ADoc. 24. At the change of plea hearing, Williams again asked for a continuance, which was granted and the hearing was rescheduled for February 2, 2018. ADoc. 25. At that hearing, the trial court was informed that no agreement had been reached and the matter was set for trial on February 12, 2018. ADoc. 26. On February 12, 2018, Williams changed his plea from not guilty to guilty. ADoc. 29. As part of the plea agreement, the parties entered a joint sentencing recommendation for three years of community control, which would include 90 days in jail. *Id.* The trial court accepted the plea of guilty and immediately sentenced Williams to the jointly recommended sentence. ADoc. 30. Additionally, the trial court ordered that a violation of the community control would result in "a prison term of twelve (12) months to be served consecutively to twenty-

---

[1] There are three records in this case. The record in appellate case number 13-17-24 will be identified as "ADoc." The record in appellate case number 13-17-23 will be identified as "BDoc." The record in appellate case number 13-17-25 will be identified as "CDoc."

four (24) months reserved for a violation of community control in Seneca County Case No. 18 CR 0021." *Id.*

{¶3} On April 27, 2018, the State filed a motion to suspend supervision of Williams because he had absconded from supervision. ADoc. 34. Williams was apprehended on June 27, 2018, and his supervision was reinstated. ADoc. 39. Once Williams was apprehended, the State served him notification of alleged community control violations. ADoc. 37. On August 3, 2018, Williams filed for a continuance of the revocation hearing because further charges were pending. ADoc. 45. This motion was granted by the trial court. ADoc. 47.

{¶4} On August 16, 2018, the State filed a second notification of community control violations alleging that Williams had violated the terms of his community control by selling cocaine to a confidential informant in four separate transactions and by possessing cocaine. ADoc. 49. The original alleged violations were dismissed by the State on August 15, 2018. ADoc. 51. A full revocation hearing on the August notification of violation was set for November 2, 2018. ADoc. 55. On November 2, 2018, Williams filed a motion for a continuance claiming that there were technical issues with the discovery discs. ADoc. 56. The trial court granted this motion and set the revocation hearing for November 28, 2018. ADoc. 57. On November 26, 2018, Williams again filed for a continuance to allow for additional time to review discovery. ADoc. 58. The trial court again granted the motion.

ADoc. 59.  On March 20, 2019, Williams again requested a continuance due to health issues of counsel and the trial court granted the motion.  ADoc. 63-64.

{¶5} On March 28, 2019, counsel for Williams filed a motion to withdraw. ADoc. 66.  The motion stated that the attorney client relationship had broken down and that counsel may be called as a witness as to the probation violation.  *Id.*  The trial court granted the motion on March 29, 2019.  ADoc. 67.  No further continuances appear on the record in this case.

{¶6} The revocation hearing was held on June 14, 2019, and Williams was represented by counsel.  ADoc. 72.  At the hearing, Williams admitted that he violated the terms of his community control.  *Id.*  The trial court ordered Williams to serve 12 months in prison for the community control violation and ordered it to be served consecutive to the sentences in case numbers 18 CR 0021 and 18 CR 0178.  *Id.*  Williams filed a timely notice of appeal from this judgment.  ADoc. 74. On appeal, it was assigned appellate case number 13-19-24.

*Trial Case No. 18 CR 0021*

{¶7} On February 12, 2018, Williams waived indictment and agreed to be charged by bill on information on two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(a), a felony of the fifth degree.  BDoc. 2.  These charges stemmed from alleged sales on November 9, 2016 and on June 19, 2017. *Id.*  Williams entered a plea of guilty to the charges.  BDoc. 4.  The parties made a

jointly recommended sentencing recommendation of three years on community control with 90 days of that to be served in jail. *Id.* The agreed sentence included the following.

> **Defendant to serve a stated prison term of twelve (12) months as to Count One and twelve (12) months as to Count Two to be served consecutively for a total of twenty-four (24) months for a violation of community control to be served consecutively to twelves (12) months reserved for a violation of community control in case 17 CR 0033.**

*Id.* The trial court accepted the plea of guilty and imposed the jointly recommended sentence. BDoc. 5.

{¶8} On April 27, 2018, the State filed a motion to suspend supervision of Williams because he had absconded from supervision. BDoc. 8. Williams was apprehended on June 27, 2018, and his supervision was reinstated. BDoc. 11.

{¶9} On August 16, 2018, the State filed a notification of community control violations alleging that Williams had violated the terms of his community control by selling cocaine to a confidential informant in four separate transactions and by possessing cocaine. BDoc. 12. A full revocation hearing on the notification of violation was set for November 2, 2018. BDoc. 17. On November 2, 2018, Williams filed a motion for a continuance claiming that there were technical issues with the discovery discs. BDoc. 18. The trial court granted this motion and set the revocation hearing for November 28, 2018. BDoc. 19. On November 26, 2018, Williams again filed for a continuance to allow for additional time to review

discovery. BDoc. 20. The trial court again granted the motion. BDoc. 21. On March 20, 2019, Williams again requested a continuance due to health issues of counsel and the trial court granted the motion. BDoc. 26-27.

{¶10} On March 28, 2019, counsel for Williams filed a motion to withdraw. BDoc. 29. The motion stated that the attorney client relationship had broken down and that counsel may be called as a witness as to the probation violation. *Id*. The trial court granted the motion on March 29, 2019. BDoc. 30. No further continuances appear on the record in this case.

{¶11} The revocation hearing was held on June 14, 2019, and Williams was represented by counsel. BDoc. 35. At the hearing, Williams admitted that he violated the terms of his community control. *Id.* The trial court ordered Williams to serve 12 months in prison on each count for the community control violation and ordered them to be served consecutive to each other. *Id.* The trial court also ordered these sentences be served consecutive to the sentences in case numbers 18 CR 33 and 18 CR 0178. *Id.* Williams filed a timely notice of appeal from this judgment. BDoc. 37. On appeal, it was assigned appellate case number 13-19-23.

*Trial Case No. 18 CR 0178*

{¶12} On August 18, 2018, the Seneca County Grand Jury indicted Williams on three counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1),(C)(4)(a), felonies of the fifth degree, one count of trafficking in

cocaine in violation of R.C. 2925.03(A)(1),(C)(4)(b), a felony of the fourth degree, one count of possession of cocaine in violation of R.C. 2925.11(A),(C)(4)(b), a felony of the fourth degree, and one count of possessing criminal tools in violation of R.C. 2923.24(A),(C), a felony of the fifth degree. CDoc. 1.  All of these offenses were alleged to have occurred in May and June of 2018. CDoc. 10.

{¶13} On November 2, 2018, Williams filed a motion for a continuance due to technical issues that interfered with the ability to review discovery.  CDoc. 16. The trial court granted this motion.  CDoc. 17.  A second motion for a continuance was filed by Williams on November 21, 2018, to request additional time to review discovery.  CDoc. 18.  This motion was also granted.  CDoc. 19.  A scheduled plea hearing was held on January 25, 2019.  CDoc. 20.  At that hearing, the parties requested another continuance to attempt to reach a plea agreement and the trial court granted the request.  *Id*.  The matter was eventually scheduled for a jury trial on March 28 and 29, 2019.  CDoc. 31.  On March 20, 2019, Williams again requested a continuance due to health issues of counsel and the trial court granted the motion.  CDoc. 34-35.

{¶14} On March 28, 2019, counsel for Williams filed a motion to withdraw. CDoc. 37.  The motion stated that the attorney client relationship had broken down and that counsel may be called as a witness as to the probation violation.  *Id*.  The trial court granted the motion on March 29, 2019, and new counsel was appointed.

CDoc. 39-40. The trial was not held on the scheduled date, but was subsequently rescheduled as a bench trial for May 28-29, 2019. CDoc. 48. At the beginning of the trial, Williams requested a continuance alleging that he had some newly discovered evidence. Trial Tr. 9-10. The trial court noted that the case had been in progress for nine months and denied the motion. *Id*. at 10. The matter proceeded to trial and Williams did not make a proffer of the new evidence for the record. At the conclusion of the trial, the trial court found Williams guilty of all six counts. CDoc. 57. A sentencing hearing was then held on June 14, 2019. CDoc. 59. The trial court ordered Williams to serve a prison term of 12 months on each of counts one, two, four, and six and to serve a prison term of 18 month on counts three and five. *Id*. The sentences were ordered to be served consecutive to each other for an aggregate prison term of 84 months. *Id*. Additionally, this sentence was ordered to be served consecutive to the sentences set forth in cases numbered 17 CR 0033 and 18 CR 0021. *Id*. In making this order, the trial court made the following finding.

> **Consecutive sentences being necessary to fulfill the purposes of Revised Code Section 2929.11, and not disproportionate to the seriousness of the defendant's conduct or the danger the defendant poses, the Court further finds that the defendant was under a community control sanction when the offense was committed and defendant's criminal history requires consecutive sentences.**

*Id*. Williams then filed a timely notice of appeal. CDoc. 63. On appeal, this case was assigned appellate number 13-19-25.

{¶15} On July 5, 2019, this Court sua sponte ordered that all three cases would be consolidated into appellate case number 13-19-23 for purposes of appeal. Williams makes the following arguments on appeal.

**First Assignment of Error**

**The trial court erred in failing to grant [Williams'] request for a continuance.**

**Second Assignment of Error**

**Consecutive sentences were disproportionate to the seriousness of the offense.**

*Denial of Motion to Continue*

{¶16} In the first assignment of error, Williams claims that the trial court erred by denying his motion for continuance made on the first day of trial. This Court notes that this assignment of error only applies to case number18 CR 0178 (appellate case number 13-19-25) as that was the only case being heard that day. The grant or denial of a motion for a continuance is left to the sound discretion of the trial court. *State v. Kleman*, 3d Dist. Hardin No. 6-19-01, 2019-Ohio-4404. Thus, without a showing that the trial court's judgment was arbitrary, unreasonable, or capricious, this Court will not reverse the judgment. *Id*. at 8.

> **In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the**

**defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.**

*State v. Unger*, 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078, 1080 (1981).

{¶17} A review of the record in this case shows that Williams had been granted multiple continuances previously. This case had been pending since August of 2018. When making the request, Williams did not give any indication how much additional time was necessary. Additionally, Williams did not proffer the evidence or even the nature of the evidence from which the trial court could make any determination as to the necessity of the evidence. Williams does not even indicate the nature of the newly discovered evidence on appeal. Instead, Williams argues that counsel was denied the opportunity to review the evidence "to decide whether or not to proffer it and preserve it for the record." Appellant's Brief at 7. Given the record before this Court, we do not find that the trial court's determination was an abuse of discretion. Thus, the first assignment of error is overruled.

*Consecutive Sentences*

{¶18} Williams claims in his second assignment of error that his sentence was disproportionate to the seriousness of the offense. This Court notes that the sentences imposed in cases numbered 13-19-23 and 13-19-24 were agreed sentences, including that if Williams were to violate the terms of his community control, the prison terms would be served consecutively. "A sentence imposed upon

a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). All three of the original charges in these cases were felonies of the fifth degree, so the sentencing range of prison terms was six to twelve months. R.C. 2929.14(A)(5). The sentences imposed were within the sentencing range. Since Williams agreed to the imposition of consecutive cases between these two cases for a total of 36 months in prison, he cannot challenge it now.

{¶19} Williams argument in his brief is that the sentences resulting from the convictions in case number 13-19-25 should not have been ordered to be served consecutively because they were disproportionate to the offenses. Before a trial court can impose consecutive sentence, it must first make certain findings for the record. *State v. Ackles*, 3d Dist. Allen No. 1-18-16, 2018-Ohio-3718.

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). A review of the record shows that the trial court made all the required findings.

{¶20} Williams argues that the trial court erred in finding that consecutive sentences were not disproportionate to the offenses because the amounts of the cocaine were very small. There is no question that the amounts of cocaine were small. However, this does not account for the rest of the facts. The evidence showed that one of the sales occurred in the vicinity of a juvenile. Sent. Tr. 5. Williams' record shows that he has been involved with drugs for more than 25 years. *Id*. at 9. He has 14 prior felony convictions for either possession or trafficking in cocaine. *Id*. at 9-10. At the time Williams committed these offenses, he was on community control and had absconded from supervision. *Id*. at 10. While on bond awaiting trial on this case, his bond was revoked because he failed drug screens. *Id*. at 10-11. Williams repeatedly failed to attend treatment or to report to his probation officer. *Id*. at 11. Given all of this evidence, this Court does not find that the trial

court's imposition of consecutive sentences was disproportionate to the offenses. The second assignment of error is overruled.

**{¶21}** Having found no prejudicial errors in the particulars assigned and argued, the judgments of the Court of Common Pleas of Seneca County is affirmed.

***Judgments Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**