[Cite as *State v. Williams*, 2021-Ohio-1355.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                              CASE NO. 13-20-17

    v.

JOSHUA D. WILLIAMS,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 18 CR 0178

**Judgment Affirmed**

Date of Decision: April 19, 2021

APPEARANCES:

    *Joshua D. Williams,* **Appellant**

    *Stephanie J. Kiser* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Joshua D. Williams, appeals the September 30, 2020 judgment of the Seneca County Court of Common Pleas dismissing his petition for postconviction relief. For the reasons that follow, we affirm.

*Background*

{¶2} This court has previously recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *State v. Williams*, 3d Dist. Seneca Nos. 13-19-23, 13-19-24, and 13-19-25, 2019-Ohio-5296, ¶ 2-15. Relevant to this appeal, on August 8, 2018, the Seneca County Grand Jury indicted Williams on six counts: Counts One, Two, and Four of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(a), fifth-degree felonies; Count Three of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(b), a fourth-degree felony; Count Five of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(b), a fourth-degree felony; and Count Six of possessing criminal tools in violation of R.C. 2923.24(A), (C) a fifth-degree felony. At his arraignment on August 15, 2018, the trial court appointed counsel for Williams. On March 28, 2019, Williams's appointed counsel filed a motion to withdraw as counsel for Williams. Specifically, the motion stated "the attorney client relationship has broken down and is irretrievable" and that counsel may be called as a witness in Williams's then-pending probation violation proceedings. (Doc. No. 37). The

following day, the trial court granted Williams's trial counsel's motion to withdraw and appointed subsequent trial counsel to represent Williams.

{¶3} The matter proceeded to a bench trial on May 28-29, 2019. On May 31, 2019, the trial court found Williams guilty of all counts. On June 14, 2019, the trial court sentenced Williams to 12 months in prison on each of Counts One, Two, Four, and Six and 18 months in prison on Counts Three and Five. The trial court ordered the sentences to be served consecutively for an aggregate prison term of 84 months. The trial court also ordered the sentences to be served consecutively to any prison term imposed in Seneca County Case Numbers 17 CR 0033 and 18 CR 0021.

{¶4} On June 28, 2019, Williams filed a notice of appeal with this Court. A new attorney was appointed for Williams's direct appeal. In his direct appeal, Williams argued: (1) the trial court erred by failing to grant his request for a continuance and (2) his consecutive sentences were disproportionate to the seriousness of his offenses. *Williams*, 2019-Ohio-5296, at ¶ 15. This Court rejected Williams's arguments and affirmed the judgment of the trial court. *Id.* at ¶ 21. Williams appealed our decision to the Supreme Court of Ohio, which declined jurisdiction. *State v. Williams*, 159 Ohio St.3d 1445, 2020-Ohio-3712.

{¶5} Williams subsequently filed a motion for leave to reopen his direct appeal under App.R. 26(B), which this Court denied. Williams appealed our

decision to the Supreme Court of Ohio, which again declined jurisdiction. *State v. Williams*, 159 Ohio St.3d 1476, 2020-Ohio-4045.

{¶6} On April 2, 2020, Williams filed a petition for postconviction relief requesting an evidentiary hearing. Williams asserted two claims for relief predicated on the premise that both of his appointed trial attorneys were ineffective. Specifically, Williams claimed his first appointed attorney abandoned him by filing a motion to withdraw as counsel and that both of his trial attorneys failed to subpoena and interview witnesses. In his affidavit in support of his petition, Williams alleged his second appointed trial counsel failed to subpoena and interview a witness who, according to Williams, would have called into question the credibility of the confidential informant on his case. On May 11, 2020, the State filed a response opposing Williams's petition for postconviction relief.

{¶7} On May 20, 2020, the trial court denied Williams's petition for postconviction relief without a hearing. On September 30, 2020, the trial court issued findings of facts supporting its decision denying Williams's petition for postconviction relief on the basis of res judicata.

{¶8} On October 26, 2020, Williams filed a notice of appeal. He raises three assignments of error for our review, which we will discuss together.

### Assignment of Error No. I

**The trial court misapplied the correct legal standard and relied on erroneous findings of fact constituting an abuse of discretion.**

**Assignment of Error No. II**

**Appellant was denied effective assistance of counsel as guaranteed by Article I, Section 10 of the Ohio Constitution and the 6th and 14th Amendments of the United States Constitution for counsel's failure to subpoena an exculpatory material witness for the defense.**

**Assignment of Error No. III**

**Trial court violated Appellant's right to a speedy trial under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.**

{¶9} In his first assignment of error, Williams argues he was denied the effective assistance of counsel because the trial court permitted his first appointed trial counsel to withdraw. Williams also contends his first appointed trial counsel was ineffective for "abandon[ing]" him "at a critical stage of trial" by filing a motion to withdraw as counsel. (Appellant's Brief at 2-6). In his second assignment of error, Williams alleges his second appointed trial counsel was ineffective for failing to issue a subpoena for an exculpatory witness Williams claimed was material to his defense. In his third assignment of error, Williams argues the trial court violated his right to a speedy trial.

*Standard of Review*

{¶10} "R.C. 2953.21 governs petitions for post-conviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10. The statute sets forth who may petition for postconviction relief:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a) (Apr. 6, 2017) (current version at R.C. 2953.21(A)(1) (Apr. 12, 2021)).

{¶11} "The filing of a petition for postconviction relief does not automatically entitle the petitioner to an evidentiary hearing." *State v. Andrews*, 3d Dist. Allen No. 1-11-42, 2011-Ohio-6106, ¶ 11, citing *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). Under R.C. 2953.21(D), "[b]efore granting a hearing on a petition filed under [R.C. 2953.21(A)], the court shall determine whether there are substantive grounds for relief."

> In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

R.C. 2953.21(D) (Apr. 6, 2017) (current version at R.C. 2953.21(D) (Apr. 12, 2021)).

{¶12} "[I]f the court determines that there are no substantive grounds for relief, it may dismiss the petition without an evidentiary hearing." *State v. Jones*,

3d Dist. Defiance No. 4-07-02, 2007-Ohio-5624, ¶ 14. "The decision to grant the petitioner an evidentiary hearing is left to the sound discretion of the trial court." *Andrews* at ¶ 11. Accordingly, "[w]e review the trial court's dismissal of a post-conviction petition without a hearing for abuse of discretion." *State v. Jeffers*, 10th Dist. Franklin No. 10AP-1112, 2011-Ohio-3555, ¶ 23. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 3d Dist. Henry No. 7-16-10, 2017-Ohio-792, ¶ 11.

*Relevant Authority*

{¶13} The trial court dismissed Williams's petition after concluding it was barred by the doctrine of res judicata. "Although a defendant may challenge his conviction and sentence by either a direct appeal or a petition for postconviction relief, any claims raised in a postconviction relief petition will be barred by res judicata where the claim was or could have been raised on direct appeal." *State v. Schwieterman*, 3d Dist. Mercer No. 10-09-12, 2010-Ohio-102, ¶ 23. "'[U]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that

was *raised or could have been raised by the defendant * * * on an appeal* from that judgment.'" (Emphasis sic.) *State v. Troglin*, 3d Dist. Union No. 14-09-04, 2009-Ohio-5276, ¶ 13, quoting *State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967). The doctrine "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St.263, 268 (1925). Thus, the doctrine of res judicata bars all claims except those that were not available at trial or on appeal because they are based on evidence outside the record. *See Jones*, 2007-Ohio-5624, at ¶ 20. Further, "[t]he evidence submitted outside the record must be competent, relevant, and material to the issue at hand." *State v. Jackson*, 8th Dist. Cuyahoga No. 104132, 2017-Ohio-2651, ¶ 59.

{¶14} However, "since 'counsel cannot realistically be expected to argue his own incompetence, res judicata does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from raising a claim of ineffective assistance of counsel in a petition for postconviction relief.'" *State v. Lentz*, 70 Ohio St.3d 527, 529-30 (1994), quoting *State v. Cole*, 2 Ohio St.3d 112, 114 (1982) fn.1. But, "where a defendant was represented by new counsel on direct appeal 'who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel,'

claims of ineffective assistance *must be brought on direct review*." (Emphasis sic.) *State v. Bradley*, 3d Dist. Union No. 14-08-27, 2008-Ohio-6071, ¶ 8, quoting *Cole* at 114 and fn. 1.

*Analysis*

{¶15} With respect to Williams's arguments that he received ineffective assistance of trial counsel, we find that Williams was represented by new counsel for his direct appeal. Further, the record does not indicate that Williams's appellate counsel was in any way enjoined from asserting ineffective assistance of trial counsel. Therefore, because Williams does not assert claims of ineffective assistance of counsel based on evidence that was not available at trial or during direct appeal, his claims are barred by res judicata.

{¶16} Williams's arguments alleging ineffective assistance of trial counsel are not based on relevant information outside the record that would not have been available to him during direct appeal. With respect to his initial trial counsel, Williams argues the trial court erred by granting his trial counsel's motion to withdraw. In an affidavit signed by Williams, he provides the names of individuals he claims could testify regarding his initial trial counsel's health condition at the time of her motion to withdraw. Williams alleges that these witnesses can establish that his trial counsel was healthy enough to represent him, and, therefore, the trial court erred by granting her motion to withdraw. However, Williams's focus on his

initial trial counsel's health condition at the time of her motion to withdraw is misplaced because the reasons provided in the motion to withdraw were unrelated to her health. Rather, Williams's initial trial counsel cited the breakdown of the attorney-client relationship and an understanding that Williams intended to call her as a witness in another pending proceeding as her reasons for seeking to withdraw from representation. Thus, Williams's arguments relating to the ineffective assistance of his initial trial counsel are not based on "new, competent, relevant, and material evidence outside the record." *State v. Pordash*, 9th Dist. Lorain No. 05CA008673, 2005-Ohio-4252, ¶ 13. Accordingly, his arguments alleging that his initial trial counsel was ineffective are barred by the doctrine of res judicata.

{¶17} Moreover, Williams's arguments contending that his second trial counsel was ineffective are based upon information Williams knew at the time of his trial and direct appeal. Specifically, Williams argues that his second trial counsel was aware of the existence of a purported exculpatory witness prior to trial, yet chose not to locate and subpoena the potential witness. Thus, by Williams's admission, his ineffective assistance of counsel claim relating to his second appointed trial counsel is based on information that Williams knew at the time of his trial and first appeal. *See State v. Krug*, 11th Dist. Lake No. 2009-L-038, 2009-Ohio-6232, ¶ 21-22.

{¶18} Accordingly, we find Williams's arguments that his first and second appointed trial attorneys were ineffective could have been raised on direct appeal. Thus, the arguments presented in his first and second assignments of error are barred by res judicata. *State v. Medsker*, 3d Dist. Allen No. 1-04-24, 2004-Ohio-4291, ¶ 11.

{¶19} Moreover, because the claims raised in Williams's petition are barred by res judicata, the trial court did not abuse its discretion by dismissing Williams's petition for postconviction relief without a hearing. *State v. Lewis*, 3d Dist. Logan No. 8-19-08, 2019-Ohio-3031, ¶ 13 ("If res judicata applies to a claim raised in a petition for postconviction relief, an evidentiary hearing is not warranted on the matter.").

{¶20} Accordingly, Williams's first and second assignments of error are overruled.

{¶21} In his third assignment of error, Williams argues the trial court violated his right to a speedy trial. However, "[i]n a petition for postconviction relief, the petitioner must state all the grounds for relief on which he relies, and waives all other grounds not identified." *State v. Maxwell*, 8th Dist. Cuyahoga No. 107758, 2020-Ohio-3027, ¶ 24. Here, Williams did not raise any argument in his petition for postconviction relief related to the trial court's alleged violation of his right to a speedy trial. Accordingly, we find Williams waived his argument relating

to an alleged violation of his speedy trial rights by failing to raise the issue in his petition for postconviction relief. *See State v. Ibrahim*, 10th Dist. Franklin No. 17AP-557, 2020-Ohio-3425, ¶ 38 ("The failure to raise an issue in a petition for post-conviction relief results in a waiver of a right to assert that issue for the first time on appeal.").

**{¶22}** However, even if Williams did not waive his argument relating to the trial court's alleged violation of his right to a speedy trial, his claim would have been barred by res judicata because it could have been raised on direct appeal. *See State v. Palmer*, 7th Dist. Jefferson No. 11 JE 17, 2012-Ohio-5255, ¶ 7 ("A criminal defendant may not use postconviction relief proceedings to raise a speedy trial issue that * * * was not raised as part of the direct appeal of the conviction."). Thus, Williams's third assignment of error is overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Seneca County Court of Common Pleas.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**