[Cite as *State v. Sutton*, 2025-Ohio-2487.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JERON D. SUTTON,

    DEFENDANT-APPELLANT.

CASE NO. 13-24-12

OPINION AND
JUDGMENT ENTRY

Appeal from Seneca County Common Pleas Court
Trial Court No. 19 CR 0235

Judgment Affirmed

Date of Decision: July 14, 2025

APPEARANCES:

    *Kimberly Kendall-Corral* for Appellant

    *Derek W. DeVine* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Jeron D. Sutton ("Sutton"), appeals the March 20, 2024 judgment entry denying his petition for postconviction relief. For the reasons that follow, we affirm.

{¶2} This case arises from an October 19, 2019 incident in which Sutton and Christopher Cavaness ("Cavaness"), armed with handguns, broke into the home of Raul Badillo ("Badillo"). During the resulting struggle, Badillo shot and killed Cavaness. The second intruder, Sutton, escaped from the residence. This court recited much of the factual and procedural background of this case in Sutton's direct appeal, and we will not duplicate those efforts here. *See State v. Sutton*, 2022-Ohio-2452, ¶ 2-23 (3d Dist.).

{¶3} Relevant to this appeal, on December 19, 2019, the Seneca County Grand Jury indicted Sutton on five counts, including one count of aggravated burglary, and one count each of aggravated robbery, murder, having weapons while under disability, and attempted murder. Additionally, several of the counts included firearm specifications.

{¶4} Although a jury trial was initially scheduled, on June 7, 2021, Sutton waived his right to a jury trial, and a bench trial was held. On June 11, 2021, the trial court found Sutton guilty as charged in the indictment. *Sutton* at ¶ 23. He was subsequently sentenced to an aggregate term of 31 years to life in prison. *Id.*

{¶5} On June 25, 2021, prior to the sentencing in the instant case, Sutton filed a motion for a new trial. In August 2021, Sutton supplemented his brief in support of his motion for a new trial. Sutton argued that he recently learned that not all of the evidence collected by investigators had been processed. Specifically, he argued that blood samples from the rear of the kitchen were not processed. Sutton argued that if the blood samples were from another person, it could exonerate him of the offense. On September 14, 2021, the trial court denied Sutton's motion for a new trial.

{¶6} On September 27, 2021, Sutton filed notice of his direct appeal. He raised nine assignments of error for our review. Specifically, Sutton argued on direct appeal that (1) he was denied his right to counsel because the trial court denied him the right of the counsel of his choosing; (2) he was denied the right to the effective assistance of counsel because his trial counsel failed to engage in plea negotiations and failed to counsel him on whether to take a plea; (3) his waiver of a jury trial was not made knowingly and intelligently; (4) the cumulative effect of his defense counsel's defective performance deprived him of the right to counsel; (5) the trial court committed plain error and violated his rights to due process and confrontation when it allowed witnesses to testify regarding the content of unauthenticated records; (6) the trial court committed plain error by admitting expert testimony by witnesses that the State did not qualify as experts; (7) his convictions were against the manifest weight of the evidence; (8) his convictions were not supported by

sufficient evidence; and (9) the cumulative effect of multiple errors deprived him of a fair trial. On July 18, 2022, this court overruled Sutton's assignments of error and affirmed his conviction and sentence. *Sutton*, 2022-Ohio-2452, at ¶ 82.

{¶7} On November 2, 2022, Sutton filed a petition for postconviction relief raising four grounds for relief. In his first claim for relief, Sutton argued that his conviction and sentence were void or voidable because the State failed to provide his trial counsel with favorable and exculpatory material in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Specifically, Sutton argued that the State violated *Brady* by failing to turn over the "favorable" DNA results from the presumptive blood smear on the back door. (Doc. No. 143). Second, Sutton alleged that his convictions are void or voidable because the alleged failure of the State to provide the defense with favorable evidence pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Third, Sutton argued that his trial counsel was ineffective for failing to impeach Badillo with prior statements and for failing to challenge the cell phone evidence provided by the State. Sutton also alleged that his trial counsel was ineffective for failing to make a counteroffer to the State's plea offer, failing to secure independent analysis of the shoe impression left at the scene, and not moving the trial court to order the production of the presumptive blood stain analysis. Finally, in his fourth claim for relief, Sutton again argued that his trial counsel was ineffective. Sutton specifically

alleged that his trial counsel's alleged failure to meaningfully cross examine witnesses resulted in structural error.

{¶8} That same day, Sutton filed a motion for leave to file instanter. In that motion, Sutton contended that although the transcript was filed in the appellate court on November 1, 2021, the trial court should deem his petition for postconviction relief, which was file stamped November 2, 2022 to be timely filed. The following day, the State filed its response in opposition to Sutton's motion for leave to file instanter. On November 11, 2022, Sutton filed a motion for leave to supplement his petition for postconviction relief with the transcript of an interview of Badillo recorded on October 20, 2019.

{¶9} On November 15, 2022, the State filed its answer and response to Sutton's petition for postconviction relief and a motion for summary judgment contra Sutton's petition for postconviction relief. The State argued that Sutton's claims: (1) were not timely filed; (2) were barred by the doctrine of res judicata; (3) did not rise to the level of a constitutional violation; and (4) are not supported by sufficient evidence.

{¶10} On March 20, 2024, the trial court filed its decision overruling Sutton's petition for postconviction relief and granting the State's motion for summary judgment. The trial court found that Sutton's petition was untimely. The trial court also determined that Sutton's claims for relief were barred by res judicata. Further, the trial court denied Sutton's request for an evidentiary hearing.

{¶11} Sutton filed his notice of appeal on April 12, 2024. He raises nine assignments of error for our review.

{¶12} We address the assignments of error in an order that facilitates our resolution of the case.

## Fourth Assignment of Error

**The trial court erred in failing to hold an evidentiary hearing, and applied the incorrect legal standard.**

## Fifth Assignment of Error

**The trial court erred in applying the doctrine of res judicata in place of the required standard pursuant to R.C. 2953.21/23.**

## Sixth Assignment of Error

**The trial court erred in finding that Sutton's claims were barred by res judicata.**

## Seventh Assignment of Error

**The trial court abused its discretion when it failed to apply the correct legal standard to Petitioner's Third Claim for Relief, that trial counsel was ineffective for failing to obtain a shoe print expert.**

## Eighth Assignment of Error

**The trial court abused its discretion when it appears [that] it conflates the doctrines [of] discovery, due process, and confrontation with Petitioner's first claim for relief, ineffective assistance of counsel.**

{¶13} In his fourth through eighth assignments of error, Sutton argues that the trial court erred by overruling his claims without conducting an evidentiary

hearing. Specifically, Sutton argues that the trial court erred by finding his claims were barred by res judicata.

{¶14} In his petition for postconviction relief, Sutton raised four claims for relief. First, he argued that Badillo's testimony at trial was inconsistent with prior statements made to the police dispatcher and law enforcement officers. He also argued that defense counsel was ineffective for failing to cross examine Badillo meaningfully. Second, he alleged that the shoeprint recovered as evidence was not consistent with shoes recovered from Sutton. Sutton also argued that his trial counsel was ineffective for failing to challenge the shoeprint evidence with expert testimony at trial. Third, Sutton argued that the blood smear by the door was not tested for DNA evidence until after the trial. Sutton contended that his trial counsel was ineffective for failing to request the State test the DNA evidence prior to trial. Fourth, Sutton argues his trial counsel was ineffective because counsel allegedly did not relay that the State was awaiting a counteroffer from the defense during plea negotiations.

*Relevant Law*

{¶15} "Res judicata is not contemplated directly in the Ohio Rules of Criminal Procedure, but Crim.R. 57(B) requires that we 'look to the rules of civil procedure and to the applicable law' in their absence." *State v. Gibson*, 2019-Ohio-383 ¶ 41 (10th Dist.). "Civ.R. 8(C) classifies 'res judicata' as an 'affirmative defense'" and "[i]nterpretative case law is consistent with this designation, even in

the context of criminal cases." *Id. See State ex rel. West v. McDonnell*, 2014-Ohio-1562, ¶ 16 ("because res judicata is an affirmative defense . . . resolution of a res judicata defense typically require resort to materials outside the pleadings").

{¶16} "'To overcome the res judicata bar, evidence offered [outside] the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record.'" *State v. Lewis*, 2019-Ohio-3031, ¶ 14 (3d Dist.), quoting *State v. Slagle*, 2012-Ohio-1936, ¶ 16 (4th Dist.), citing *Ohio v. Franklin*, 1995 WL 26281, *7 (1st Dist. Jan. 25, 1995); *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist. May 8, 1995). "'This means that evidence relied upon must not be evidence which was in existence or available for use at the time of trial or direct appeal, and finally, cannot be merely cumulative of the evidence already presented.'" *Id.*, quoting *State v. Murphy*, 2000 WL 1877526, *3 (10th Dist. Dec. 26, 2000).

{¶17} Sutton alleges in his petition for postconviction relief that his trial counsel was ineffective. To establish ineffective assistance of counsel, the appellant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Tench*, 2018-Ohio-5205, ¶ 264. Thus, an "appellate court does not need to consider the facts of the case under both prongs if the

appellant makes an insufficient showing on one." *State v. Shoaf*, 2022-Ohio-3605, ¶ 49 (3d Dist.).

**{¶18}** Regarding the first requirement, "[i]n order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment." *State v. Houston*, 2010-Ohio-6070, ¶ 35 (3d Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance." *Id.*, citing *State v. Sallie*, 81 Ohio St.3d 673, 675, 1998-Ohio-343 (1998). With respect to the second requirement, "[p]rejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Houston* at ¶ 36, quoting *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989).

**{¶19}** The doctrine of res judicata bars all claims except those that were not available at trial or on appeal because they are based on evidence outside the record. *See Jones*, 2007-Ohio-5624, at ¶ 19. Further, "[t]he evidence submitted outside the record must be competent, relevant, and material to the issue at hand." *State v. Jackson*, 2017-Ohio-2651, ¶ 59 (8th Dist.). However, "since 'counsel cannot realistically be expected to argue his own incompetence, res judicata does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from

raising a claim of ineffective assistance of counsel in a petition for postconviction relief.'" *State v. Lentz*, 70 Ohio St.3d 527, 529-530 (1994), quoting *State v. Cole*, 2 Ohio St.3d 112 (1982), fn. 1. But, "where a defendant was represented by new counsel on direct appeal 'who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel,' claims of ineffective assistance *must be brought on direct review*." (Emphasis sic.) *State v. Bradley*, 2008-Ohio-6071, ¶ 8 (3d Dist.), quoting *Cole* at 114. "However, if an ineffective assistance of counsel issue concerns a matter outside the record, the appellate court could not consider it on direct appeal because the court can only consider matters contained in the record." *State v. Scott-Hoover*, 2004-Ohio-4804, ¶ 18 (3d Dist.), citing *State v. Smith*, 17 Ohio St.3d 98, 101 (1985), fn. 1. Although ineffective assistance of trial counsel should ordinarily be raised on direct appeal, res judicata does not bar a defendant from raising ineffective assistance in a petition for postconviction relief if the claim is based on evidence outside the record. *Id.* "This principle applies even when the issue of ineffective assistance of counsel was raised on direct appeal." *Id.*

*Analysis*

{¶20} First, we address Sutton's multiple claims that his trial counsel was ineffective. As an initial matter, we find that Sutton was represented by new counsel for his direct appeal. Accordingly, Sutton's claims for ineffective assistance of trial

counsel are barred by res judicata unless they are based on evidence outside the record. *See Jones*, 2007-Ohio-5624, ¶ 22.

**{¶21}** After reviewing the record, we find that the trial court did not err by finding that Sutton's claims were barred by res judicata. With respect to his argument that his trial counsel was ineffective for failing to meaningfully cross-examine Badillo, we find that this claim should have been raised on direct appeal. Sutton contends that the testimony Badillo gave at the trial was not consistent with statements that he made to law enforcement officers during their investigation and statements that Badillo made during the 911 call. We note that the materials Sutton references, namely an October 20, 2019 interview with Badillo and the 911 call were provided in discovery and were known to Sutton at the time of his direct appeal. Indeed, the 911 call was played at trial and was part of the record at the time of Sutton's direct appeal. Sutton's exhibits do not establish facts unknown to him at the time of his direct appeal that are essential to his claim of ineffective assistance of counsel. *See State v. Newberry*, 2025-Ohio-2004, ¶ 27 (8th Dist.). Accordingly, Sutton was not barred on direct appeal from asserting that his trial counsel was ineffective for failing to conduct a more thorough cross-examination of Badillo. Thus, the trial court did not err by finding that his argument was barred by res judicata.

**{¶22}** Furthermore, the trial court also found that, even if Sutton's claim of ineffective assistance of counsel on this ground was not barred by res judicata, it did

not constitute grounds for a finding of ineffective assistance of counsel. Additionally, at trial, Sutton's trial counsel did indeed conduct a cross examination of Badillo focusing on Badillo's initial misidentification of Cavaness as Tyree Tucker, Badillo's suspicions regarding law enforcement, and his history of selling drugs. (June 7-8, 2021 Tr. at 172-174). We do not find that the alleged errors of which Sutton now complains rose to the level of ineffective assistance of counsel. "At trial, witness presentation, questioning, and cross-examination usually falls within the ambit of trial strategy." *State v. White*, 2024-Ohio-549, ¶ 55 (4th Dist.). Accordingly, we do not find that Sutton has established that his trial counsel's performance was deficient or that any deficiency prejudiced him.

{¶23} Next, Sutton argues that his counsel was ineffective for failing to adequately challenge the State's evidence that the shoeprint found at the scene could be attributed to him. In support of this argument, he references an expert report prepared after trial by Scott Roder ("Roder"). In the report, Roder alleges the impression of the shoeprint found on the door of Badillo's house had some inconsistencies with the size 12 Jordan basketball shoe taken from Sutton on the day of his interview.

{¶24} Sutton alleges that his trial counsel was ineffective for failing to obtain expert testimony with respect to the shoeprint testimony. However, the record is clear that Sutton's trial counsel did indeed send Sutton's shoes and the shoe lifts from the scene of the crime to Speckin Forensic Laboratories for examination.

(Doc. Nos. 30, 31). Thus, Sutton's trial counsel actually did retain the services of an expert with respect to the shoe print evidence, although that expert did not ultimately testify at trial. Moreover, at trial, the State's expert witness testified that she could not exclude other shoes as the source of the shoeprint found on the back door. The State's witness further testified that shoe manufacturers "can actually use the same out sole size for multiple sized shoes" and further "the same tread pattern and size can actually be used for multiple shoe sizes themselves." (June 7-8, 2021 Tr. at 135-136). After examining Roder's report in concert with the record, we find that the document is duplicative of the testimony provided by the State's expert at trial. Accordingly, Sutton's argument is not based on evidence outside the record. Furthermore, in his direct appeal, Sutton argued that the trial counsel was ineffective for failing to challenge the shoeprint evidence presented at trial. *State v. Sutton*, 2022-Ohio-2452, ¶ 63 (3d Dist.). Specifically, Sutton alleged that his trial counsel were ineffective for failing to raise *Daubert* challenges to the shoeprint-comparison testimony, a claim which this court rejected. *Sutton* at ¶ 74. Thus, the trial court did not err by finding that Sutton's argument was barred by res judicata.

{¶25} Further, even if the trial court erred by finding that Sutton's argument was barred by res judicata, Sutton has still failed to establish that counsel's failure to call an expert witness to testify at trial and prepare an expert report on his behalf constituted ineffective assistance of counsel. Rather, the record indicates that Sutton's trial counsel did indeed consult with an expert witness on the matter of the

shoeprint evidence but, chose as a matter of strategy, not to file an expert report or have the expert witness testify at trial. *See State v. Salyers*, 2021-Ohio-2978, ¶ 40 (3d Dist.). Indeed, as referenced in Sutton's direct appeal, Sutton's trial counsel explicitly stated on the record that "the reasons we don't have . . . experts . . . are strategic, and we are ready [for trial] and we do not feel the need [for experts]." *Sutton*, 2022-Ohio-2452, at ¶ 27. Furthermore, the record indicates that trial counsel engaged in a robust cross-examination of the State's expert witness. During this cross examination, the expert witness affirmed that she was unable to conclusively state that the shoeprint found at the scene was made by the shoe retrieved from Sutton and that it could have been made by "any pair of [Nike] Jordans" "[w]ith the same tread design." (June 7-8, 2021 Tr. at 134-135).

{¶26} Finally, Sutton argues that his trial counsel was ineffective for failing to inform him that the State was awaiting a counteroffer during plea negotiations. In particular, Sutton alleges that his trial counsel failed to consult with Sutton and approach the State with a counteroffer after the State offered an indefinite sentence of 10 to 15 years in prison. However, Sutton raised this issue in his direct appeal and we found his argument to be without merit. *Sutton* at ¶ 67-68. Specifically, we found that "[t]he record . . . reflects that Sutton's trial attorneys negotiated with the Seneca County Prosecuting Attorney and achieved a very favorable result for Sutton." *Id.* at ¶ 68. Accordingly, Sutton's argument that the trial court erred by finding that his claim was barred by res judicata is without merit.

{¶27} In conclusion, after reviewing Sutton's arguments that his trial counsel was ineffective, we find that the trial court did not err by finding that his arguments were barred by res judicata.

{¶28} Next, Sutton argued in his petition for postconviction relief that DNA testing of a blood smear found at the scene was not complete by the time of trial. In particular, blood evidence collected from the crime scene near the back door was not examined by the Bureau of Criminal Investigation prior to Sutton's trial. Subsequent testing of the DNA evidence revealed the source of the blood to be from the victim, Badillo. Sutton argues that the evidence was wrongly withheld by the State.

{¶29} Sutton actually did raise concerns relating to this very piece of evidence in an August 30, 2021 supplement to his motion for a new trial filed on June 30, 2021. Specifically, Sutton argued that the evidence would "likely exonerate him" if the blood was from a person other than himself. (Doc. No. 129). In its judgment entry filed on September 14, 2021, the trial court found that new DNA evidence would not change the outcome of the trial. The trial court noted that the State's witnesses "were circumstantial but persuasive" and specifically referenced the strength of the evidence relating to the cell phone records stating that "cell phone records would not change with a new trial." (Doc. Nos. 133-134).

{¶30} When Sutton filed his notice of appeal in his direct appeal, he specifically challenged the June 30, 2021 judgment entry of sentence and the

September 14, 2021 judgment entry denying his motion for a new trial. Yet, on direct appeal, Sutton did not challenge the trial court's decision denying his motion for a new trial. Accordingly, Sutton's arguments with respect to the blood smear evidence is barred by res judicata.

{¶31} However, even if not barred by res judicata, the testing of the blood smears at issue indicates that the blood belonged to the victim, Badillo. The record is clear that Badillo was shot in the shoulder during the attack, and the presence of the victim's blood at the crime scene would therefore not be unusual and certainly does not exonerate Sutton of the offense.

{¶32} Sutton further argues that the trial court erred by denying his petition for postconviction relief without holding a hearing. We disagree.

{¶33} "The filing of a petition for postconviction relief does not automatically entitle the petitioner to an evidentiary hearing." *State v. Andrews*, 2011-Ohio-6106, ¶ 11 (3d Dist.), citing *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). Rather, "[b]efore granting a hearing on a petition filed under [R.C. 2953.21(A)], the court shall determine whether there are substantive grounds for relief." R.C. 2953.21 (D). "In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries,

the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(D).

{¶34} "[I]f the court determines that there are no substantive grounds for relief, it may dismiss the petition without an evidentiary hearing." *State v. Jones*, 2007-Ohio-5624, ¶ 14 (3d Dist.). "The decision to grant the petitioner an evidentiary hearing is left to the sound discretion of the trial court." *Andrews* at ¶ 11. Accordingly, "[w]e review the trial court's dismissal of a postconviction petition without a hearing for abuse of discretion." *State v. Jeffers*, 2011-Ohio-3555, ¶ 23 (10th Dist.). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). While the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 2017-Ohio-792, ¶ 11 (3d Dist.).

{¶35} "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence to demonstrate that the petitioner suffered a violation of the petitioner's constitutional rights." *State v. Yarbrough*, 3d Dist. Shelby No. 17-2000-10, 2001 WL 454683, *3 (Apr. 30, 2001). Where, as here, a petitioner asserts that they were deprived of their constitutional right to the effective assistance of counsel, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's

ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus. A petitioner who fails to carry his initial burden with respect to either prong of his ineffective-assistance-of-counsel claim consequently fails to demonstrate that there are substantive grounds for relief, and the trial court may deny the petition without conducting an evidentiary hearing. *See id.* at 112-113. In addition, a trial court may properly deny a petition for postconviction relief without holding a hearing if the claims in the petition are barred by res judicata. *State v. Curtis*, 2019-Ohio-2587, ¶ 22 (5th Dist.).

{¶36} Here, we have found that Sutton's claims for relief are barred by res judicata. Furthermore, as addressed in detail above, Sutton did not demonstrate in his petition for postconviction relief sufficient credible evidence to demonstrate that he suffered a violation of his constitutional rights. Accordingly, we do not find that the trial court erred by overruling his petition for postconviction relief without a hearing.

{¶37} Sutton's fourth, fifth, sixth, seventh, and eighth assignments of error are overruled.

### Ninth Assignment of Error

**The cumulative effect of multiple errors deprived Appellant of his constitutionally guaranteed right to a fair trial under the federal and state constitution.**

{¶38} In his ninth assignment of error, Sutton argues that the alleged errors deprived him of a fair trial. We disagree.

**{¶39}** Under the cumulative-error doctrine, "a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial court error does not individually constitute cause for reversal." *State v. Spencer*, 2015-Ohio-52, ¶ 83 (3d Dist.). "To find cumulative error, a court must first find multiple errors committed at trial and determine that there is a reasonable probability that the outcome below would have been different but for the combination of the harmless errors." *In re J.M.*, 2012-Ohio-1467, ¶ 36 (3d Dist.). Here, we have not found that the trial court committed any errors, let alone, multiple harmless errors. Therefore, the cumulative-error doctrine does not apply. *See State v. Jamison*, 2016-Ohio-5122, ¶ 40 (9th Dist.), abrogated on other grounds, *State v. Haynes*, 2022-Ohio-4473 ("If there [are] not multiple errors, . . . the cumulative error doctrine does not apply."); *State v. Carpenter*, 2019-Ohio-58, ¶ 104 (3d Dist.), citing *State v. Bertuzzi*, 2014-Ohio-5093, ¶ 110 (3d Dist.).

**{¶40}** Sutton's ninth assignment of error is overruled.

### First Assignment of Error

**The trial court abused its discretion in determining that Petitioner's timely filed post conviction petition was due on November 1, 2022.**

### Second Assignment of Error

**The trial court abused its discretion in finding that Petitioner's Post-Conviction Claim was not timely filed even when, arguendo, applying the November 1, 2022 deadline.**

### Third Assignment of Error

**Even if this Court were to find, arguendo, that Petitioner's deadline was November 1, [2022], the doctrine of excusable neglect pursuant to Civ. Rule 60(B) should apply to the enforcement of Local Rule 1.07.**

{¶41} In his first three assignments of error, Sutton argues that the trial court erred by finding that his petition for postconviction relief was not timely. Specifically, in his first assignment of error, Sutton contends that the trial court should have found that the filing deadline for his petition for postconviction relief was November 29, 2022, one year from the date that his motion to supplement the record with exhibits was granted. In his second assignment of error, Sutton contends that even assuming the deadline for the filing of the petition for postconviction relief was November 1, 2022, the trial court erred by finding that he did not meet that deadline. Finally, in his third assignment of error, Sutton argues that the doctrine of excusable neglect should apply in the instant case.

{¶42} However, because we, like the trial court, elected to address the merits of Sutton's petition for postconviction relief, any error Sutton assigns with respect to his first, second, and third assignments of error is rendered moot. Consequently, we need not address the merits of Sutton's first, second, and third assignments of error. *See* App.R. 12(A)(1)(c).

*Conclusion*

**{¶43}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

**/jlm**

Case No. 13-24-12

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge


_____
Juergen A. Waldick, Judge


_____
John R. Willamowski, Judge

DATED:
/jlm

-22-