[Cite as *State v. Richard*, 2025-Ohio-2943.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY


STATE OF OHIO,

      PLAINTIFF-APPELLEE,

  v.

GREGORY D. RICHARD, JR.,

      DEFENDANT-APPELLANT.

CASE NO. 9-24-62


OPINION AND
JUDGMENT ENTRY


Appeal from Marion County Common Pleas Court
Trial Court No. 18 CR 0150

Judgment Affirmed

Date of Decision:  August 18, 2025


APPEARANCES:

    *William B. Norman* for Appellant

    *Allison M. Kesler* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Gregory D. Richard, Jr. ("Richard") appeals the judgment of the Marion County Court of Common Pleas, arguing that the trial court erred in denying his petition for postconviction relief. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On April 5, 2018, Richard was indicted on multiple felony charges in Marion County, Ohio. At this time, Richard was imprisoned for a different case in a federal correctional facility in West Virginia. In December 2018, Richard prepared a written notice and request for final disposition of the indictment against him ("written notice") that cited the Interstate Agreement on Detainers ("IAD"). He also referenced the 180-day timeframe that is allotted for bringing an accused to trial after he or she has substantially complied with the IAD's requirements. The Marion County Clerk of Courts received Richard's written notice on January 3, 2019.

{¶3} On January 16, 2019, the trial court issued an order directing the State to respond to Richard's written notice after learning that the Marion County Prosecutor's Office had not been served with a copy of this document. The trial court then scheduled a trial for July 2, 2019. However, on July 1, 2019, the State made a motion to continue the trial as a substantive witness was unavailable. The

trial court granted the State's motion for good cause shown and stated that speedy-trial time was tolled.

{¶4} On July 3, 2019, the trial court rescheduled Richard's trial for July 30, 2019.[1] On July 22, 2019, Richard filed a motion to dismiss on speedy trial grounds. He argued that his trial should have commenced no later than July 2, 2019, which was 180 days after the Clerk of Courts had received the written notice from him on January 3, 2019.

{¶5} On July 29, 2019, the trial court denied Richard's motion to dismiss. In its decision, the trial court found that Richard never served his written notice on the Marion County Prosecutor's Office and took this as an indication that he did not substantially comply with the IAD. However, the trial court ultimately found that, even if the IAD did apply in this case, its 180-day requirement was not violated because Richard's trial had been scheduled for July 2, 2019 and was delayed for good cause shown.

{¶6} On August 17, 2020, a jury returned verdicts of guilty on multiple felony charges against Richard.[2] On September 23, 2020, the trial court issued a judgment entry of sentencing that ordered Richard to serve an aggregate prison term

---

[1] Richard reserved his right to argue that his speedy-trial rights were violated when his trial was not held on July 2, 2019 but waived his speedy-trial rights as to the time between July 3 and July 30, 2019.
[2] After his trial was scheduled for July 30, 2019, Richard filed a series of four motions to continue that delayed the date of his trial until August 17, 2020.

of twelve years.  On October 2, 2020, Richard filed his notice of appeal.  The trial court then appointed new counsel to represent Richard on appeal.

{¶7} On direct appeal, Richard argued that his right to a speedy trial had been violated.  *State v. Richard*, 2021-Ohio-2980, ¶ 12 (3d Dist.).  However, this Court found that Richard had "failed to follow the necessary steps to substantially comply with the requirements of Article III [of the IAD] to invoke the right to be brought to trial within 180 days."  *Id*. at ¶ 30.  This conclusion was partially based on the fact that he had failed to serve the Marion County Prosecutor's Office with his written notice.  *Id*. at ¶ 23, 31.  This Court found his speedy-trial argument to be without merit and affirmed his conviction.  *Id*. at ¶ 42, 83.

{¶8} While his direct appeal was pending, Richard filed a petition for postconviction relief ("petition") on June 9, 2021 that raised four ineffective assistance of counsel claims.  The trial court denied his petition since his arguments could have been raised in his direct appeal and were, therefore, barred by res judicata.  The trial court also noted that the IAD was not applicable to this case and that each of Richard's four claims rested on the IAD.

{¶9} While the trial court's decision was issued on September 20, 2021, the docket contains no indication that Richard was served with notice of this judgment as was required by Civ.R. 58.  For this reason, the thirty-day timeframe for filing an appeal under App.R. 4(A)(3) did not commence in this case.  Richard filed his notice

of appeal on December 6, 2024.  On appeal, he raises the following two assignments of error:

**First Assignment of Error**

**The trial court erred and abused its discretion by applying res judicata to deny review.**

**Second Assignment of Error**

**The trial court abused its discretion by denying relief without conducting an evidentiary hearing.**

We will consider these assignments of error together in one analysis.

*First and Second Assignments of Error*

{¶10} Richard argues that the trial court erred in applying res judicata to deny his petition for postconviction relief without a hearing.

*Legal Standard*

{¶11} "Postconviction review is not a constitutional right, but is a collateral civil attack on a judgment that is governed solely by R.C. 2953.21." *State v. Keith*, 2008-Ohio-741, ¶ 24 (3d Dist.).  A petition for postconviction relief may be filed by any person convicted of a criminal offense "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under" the Ohio Constitution or the U.S. Constitution.  R.C. 2953.21(A)(1)(a)(i).

{¶12} R.C. 2953.21(D) provides the following guidance for evaluating a timely filed petition for postconviction relief:

> Before granting a hearing on a petition filed under [R.C. 2953.21](A)(1)(a)(i) . . ., the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

Thus, a petitioner is not automatically entitled to an evidentiary hearing upon filing a petition for postconviction relief. *State v. Bender*, 2021-Ohio-1931, ¶ 7 (3d Dist.).

{¶13} Rather, the petitioner must carry the initial burden of providing evidence of sufficient operative facts that demonstrate the alleged errors asserted in the petition. *State v. Workman*, 2019-Ohio-5379, ¶ 10 (3d Dist.). "A postconviction relief petition may be denied, without a hearing, if the petition and its supporting evidentiary documents do not contain operative facts that would, if proven, establish a substantive ground for relief." *State v. Sutherland*, 2025-Ohio-488, ¶ 16 (2d Dist.).

{¶14} Further, res judicata operates in postconviction review proceedings because this process does not exist to give the petitioner a second opportunity to litigate his or her conviction. *State v. Lewis*, 2019-Ohio-3031, ¶ 13 (3d Dist.).

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), ninth paragraph of the syllabus. "[A] trial court may properly deny a petition for postconviction relief without holding a

hearing if the claims in the petition are barred by res judicata." *State v. Sutton*, 2025-Ohio-2487, ¶ 35 (3d Dist.).

{¶15} If the petitioner raises an ineffective assistance of counsel claim, res judicata is not applicable where

> (1) the petitioner had the same attorney at trial and on appeal or (2) he must rely on evidence outside the trial record to establish his claim for relief. . . . The converse is that when the petitioner had a new attorney on appeal and the claim could have been litigated based on the trial record, res judicata applies and the postconviction claim is barred.

(Citation omitted.) *State v. Blanton*, 2022-Ohio-3985, ¶ 2. In evaluating an ineffective assistance of counsel claim, the production of evidence de hors the record will not, by itself, require the trial court to hold an evidentiary hearing. *Lewis* at ¶ 15. Rather,

> the defendant must show that he could not have appealed the claim based on the trial record. Moreover, the defendant must show that the evidence supporting his claims is 'competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial.'

*State v. Washington*, 2025-Ohio-1774, ¶ 25 (7th Dist.), quoting *State v. Jackson*, 2007-Ohio-1474, ¶ 21 (10th Dist.).

> 'When the evidence a defendant relies upon [is] dehors the record that evidence must meet a threshold of cogency.' *State v. Hill*, 2005-Ohio-3176, ¶ 8 (2d Dist.), quoting *State v. Lawson*, 103 Ohio App.3d 307 (12th Dist. 1995). "Cogent evidence is that which is more than 'marginally significant' and advances a claim 'beyond mere hypothesis and desire for further discovery.'" *Id*.

*Sutherland*, 2025-Ohio-488, ¶ 15. When affidavits are submitted with a petition for postconviction relief, the trial court "may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *State v. Calhoun*, 86 Ohio St.3d 279, 284 (1999).

*Standard of Review*

**{¶16}** Appellate courts apply an abuse-of-discretion standard in reviewing a trial court's "decision to grant or deny a petition for postconviction relief, including the decision whether to afford the petitioner a hearing . . . ." *State v. Hatton*, 2022-Ohio-3991, ¶ 38. An abuse of discretion is more than an error of judgment but is present where the trial court's decision is arbitrary, unreasonable, or unconscionable. *State v. Dixon*, 2025-Ohio-326, ¶ 18 (3d Dist.).

*Legal Analysis*

**{¶17}** Richard's petition began by asserting that his speedy-trial rights were violated when he was not brought to trial by July 2, 2019 in compliance with Article III of the IAD. He then referred to a transcript of a discussion he had with the prosecutor about his written notice at his arraignment before he was appointed counsel. In this discussion, the prosecutor acknowledged that Richard's written notice had been received on January 3, 2019.

**{¶18}** While the prosecutor's statement was ambiguous, the trial court later held a hearing on Richard's motion to dismiss. After examining the evidence from the parties, the trial court found (1) that there was no evidence that the Marion

County Prosecutor's Office had ever been served with a copy of the written notice; (2) that the trial court had issued an order to respond on January 16, 2019 upon discovering the prosecutor's office was never served with the written notice; and (3) that there was "no evidence that [the State] . . . was ever aware" of the written notice until receiving trial court's order to respond. (Doc. 155).

**{¶19}** Nonetheless, Richard's petition argued that the prosecutor's comment at the arraignment indicates the State was aware of his written notice on January 3, 2019. Based on this comment, Richard raised four ineffective assistance of counsel claims, alleging that defense counsel failed in various ways to safeguard his right to be brought to trial within the 180-day timeframe set forth in the IAD.

**{¶20}** Specifically, Richard asserted that his motion to dismiss would have been granted if defense counsel had (1) examined the transcript of his arraignment; (2) objected to the State's later representations about its awareness of his written notice; (3) effectively litigated the alleged violation of the IAD; or (4) investigated the alleged discrepancies in the State's representations about its awareness of his written notice at his arraignment and later in the proceedings.

**{¶21}** Since he raised ineffective assistance of counsel claims in his petition, we begin our analysis by noting that Richard was not represented by the same attorney at trial and on direct appeal. For this reason, his ineffective assistance of counsel claims "are barred by res judicata unless they are based on evidence outside the record." *Sutton*, 2025-Ohio-2487, at ¶ 20.

{¶22} To support the claims in his petition, Richard attached portions of the unofficial transcripts of his arraignment and several subsequent hearings.[3] He also submitted an affidavit in which he made statements that were either cumulative of the information already in the record or unnecessary to litigating these claims. Having examined the relevant materials, we conclude that the ineffective assistance of counsel claims in Richard's petition could have been raised on direct appeal based upon the contents of the trial record. Since res judicata is applicable to these claims, the trial court was not required to hold an evidentiary hearing prior to denying his petition. *Sutton*, 2025-Ohio-2487, at ¶ 35

{¶23} Further, as the trial court noted in its decision denying Richard's petition, all four of his ineffective assistance of counsel claims ultimately rest on the applicability of the IAD's 180-day timeframe for bringing an accused to trial. However, the IAD was found to be inapplicable to this case when this issue was litigated prior to trial and on direct appeal. *See Richard*, 2021-Ohio-2980, ¶ 30. Thus, the issue underlying all four of his claims has already been adjudicated. A petition for postconviction relief does not exist to "provide a petitioner a second opportunity to litigate his or her conviction." *State v. Hooper*, 2025-Ohio-1594, ¶ 13 (3d Dist.).

---

[3] Richard attached an unofficial transcript of his arraignment to his petition. For reasons unknown to this Court, the official transcripts were not included in the record for this appeal. Since the State did not object to this attachment, we will, in the interests of justice, consider the contents of this unofficial transcript.

**{¶24}** In summary, Richard had new counsel on appeal and asserted claims in his petition that could have been raised on direct appeal based upon the trial record. Thus, his ineffective assistance of counsel claims were barred by res judicata. For this reason, the trial court did not abuse its discretion in denying his petition without holding an evidentiary hearing. *Sutton* at ¶ 35. Accordingly, the first and second assignments of error are overruled.

*Conclusion*

**{¶25}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

Case No. 9-24-62

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

 

 

_____
John R. Willamowski, Judge

 

_____
Juergen A. Waldick, Judge

 

_____
Mark C. Miller, Judge

DATED:
/hls

-12-